PEOPLE *v.* COULON.

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS—REASONABLE DOUBT.

It is only necessary that the jury should be satisfied beyond a reasonable doubt of the guilt of a person charged with crime, and it is not necessary for the court to charge as to each element of the offense that it must be proved to a moral certainty.

2. LARCENY—PROPERTY FOUND—INTENT—TIME OF FORMING.

In a prosecution for the larceny of money lost by the complaining witness and found by defendant, instructions that to warrant a verdict of guilty the jury must be satisfied beyond a reasonable doubt that defendant formed the intent to steal the money at the time of finding it, and that if he did not form the intent to steal until afterwards the verdict should be "not guilty," are sufficient on that branch of the case.

3. CRIMINAL LAW—INSTRUCTIONS—DUTY OF JURORS—MAJORITY VERDICT.

Where a jury came in after being out for a time and the court instructed them concerning the propriety of the minority considering with seriousness whether they were not wrong and the majority right, and stated that no juror should yield his well-grounded convictions or violate his oath, that if upon further consideration a juror could not conscientiously yield he should not do so, the instructions are not open to the objection that they call for a majority verdict.

Exceptions before judgment from Barry; Smith, J. Submitted November 15, 1907. (Docket No. 170.) Decided February 15, 1908.

Moulton Coulon was convicted of larceny. Affirmed.

*Colgrove & Potter*, for appellant.

*Lee H. Pryor*, Prosecuting Attorney, for the people.

McALVAY, J. From a conviction for the crime of larceny respondent upon a writ of error has brought his case

to this court for review.   He was charged with stealing
$30 of the money of Allen Bryans, lost with other money,
amounting to $80, at Banfield in Barry county, and which
respondent had found.   Respondent admitted he had
found $50.   This amount was returned to Bryans.   The
complaint was made for the larceny of the balance.

The errors assigned are all upon the charge of the
court, refusals to charge, and to instructions given to the
jury which returned into court after being out for a time.
We will discuss the assignments of error in the order pre-
sented in respondent's brief.   He asked the court, among
other requests, to charge as follows:

"I instruct you, gentlemen of the jury, that if the pros-
ecution has failed to prove to a moral certainty that the
defendant in this case found eighty-five (85) dollars that
then regardless of any suspicions or feelings or belief that
you may have, it is your duty to bring in a verdict of
'not guilty.'   I further instruct you that if the prosecu-
tion has failed to prove to a moral certainty that on Christ-
mas last the defendant conceived the fraudulent intent at
the time he found the money to convert it to his own use,
that it is then your duty to bring in a verdict of 'not
guilty.'   I instruct you further, gentlemen of the jury,
that if the prosecution has failed to establish to a moral
certainty that defendant conceived the fraudulent intent
on Christmas, at the time of the finding of the money, to
convert it to his own use, that whatever intent the defend-
ant may have had afterwards is entirely immaterial in
this case and that your verdict should be 'not guilty.'"

The court refused to give this request and we think
properly.   The first paragraph of the request relative to
the amount of money found is admitted to have been cov-
ered by the court.   Three requests are in fact combined
and each of them requires the court to charge that the
elements of the offense must be proved to a moral cer-
tainty.   This court has never established a rule that the
judge must so charge.   It is only necessary that the jury
should be satisfied beyond a reasonable doubt of the guilt
of a person charged with a crime, and it is not necessary

for the court in his charge upon that proposition to go any further.

In the general charge the court six times instructed the jury that they must be satisfied beyond a reasonable doubt as to every element of the offense charged, and, using the words of respondent's request, said:

"But in a criminal cause the burden of proof is with the people to satisfy a jury to a moral certainty and beyond a reasonable doubt before a conviction is authorized."

The material portions of the second and third paragraphs of this request, relied upon by respondent, relate to the question of criminal intent and when the same was formed. The general charge of the court also properly covered this proposition. After charging that, unless the jury were satisfied beyond a reasonable doubt that respondent found $80 as claimed, he must be acquitted; that if $50 was all that he found he was not guilty; the court continued as follows:

"Should you find from the proof and beyond a reasonable doubt that respondent found $80, or thereabouts, then you should consider whether when he picked it up, and discovered what it was, he conceived a fraudulent purpose of converting it or any part of it to his own use; that is, at that time did he form and have the intent to convert it to his own use and defraud the owner of it whoever he might be. If he did he is guilty of larceny under the statute and your verdict would be 'guilty.' If he did not, he should be acquitted by a verdict of 'not guilty.'"

The fourth and sixteenth assignments of error relate to the refusal of the court to charge as follows:

"If, having no fraudulent intent at the time he found and took possession of the money, he afterwards converted the property to his own use in derogation of the owner's right, he is not guilty of larceny because there is no wrongful taking."

In the charge already quoted the court has fixed the time explicitly when respondent must form and have the criminal intent in order to be convicted of the larceny of

the money, and the language repeated in a slightly different form could not have been misunderstood by the jury. They were specifically charged that he must have conceived that intent at the time he picked up this money. "If he did he was guilty of larceny.   *   *   *   If he did not he should be acquitted." If that is the law on the subject, as is admitted by counsel on both sides, the charge is absolutely unambiguous. The giving of this request under discussion was unnecessary and its omission was without prejudice. The trial judge directed the attention of the jury to the question of intent, in view of the evidence, as to what respondent said and did at the time of the finding and afterwards. This evidence, it is claimed in respondent's brief, tends to exonerate the accused. The court evidently in his charge so treated it, but in such a way that the jury would consider all of it, and draw their conclusion from such consideration. Respondent's seventh request, which relates to the proposition that the evidence in the case must exclude every other reasonable hypothesis but guilt and that beyond a reasonable doubt, was given in substance by the court in the main charge. The eighth request was argumentative and properly refused.

It is urged that the charge of the court to the jury on calling them in after they had considered the case for a time and were unable to agree, was erroneous in that it practically was an instruction for a majority verdict. What occurred at this time is too lengthy to quote. Upon examination we do not find that it warrants the criticism respondent makes. Instead of being unfair it is eminently fair. The court stated that he had no knowledge as to how the jury stood; that it might be a proper thing for a minority to consider with seriousness whether they might be wrong and a majority right; that it is probable sometimes a minority was right and a majority wrong; that no juror should yield his well-grounded convictions or violate his oath; that if upon further consideration a juror cannot conscientiously yield, of course he

ought not to do so. The jury were then told to consider the case further; that a supper would be provided; and the court expressed the hope that under the views suggested a verdict would be reached agreeable to all of them.

A long colloquy then followed between the foreman of the jury and the court relative to the evidence upon which instructions were then given at length. In what the foreman said it is claimed that he thought the court might be criticising the jury and expected a verdict would be readily rendered. What the court had said would not bear that construction, and what he said after instructing concerning the consideration of the evidence, is as follows:

" I am not doing this to punish you. You know that I am doing it to get at a verdict if you can. We are working here for the public. I will see you are made comfortable and properly fed as long as I keep you here anyway. I think you had better go back."

This charge does not come within the error upon which *People* v. *Engle*, 118 Mich. 287, was reversed. The court in the case at bar expressly charged, as above quoted, "that no juror should yield his well-grounded convictions, or violate his oath; that if upon further consideration a juror cannot conscientiously yield, he ought not to do so." These instructions of the court were not erroneous. *Commonwealth* v. *Tuey*, 8 Cush. (Mass.) 1; *State* v. *Smith*, 49 Conn. 376; *Allen* v. *U. S.*, 164 U. S. 492.

No prejudicial error appearing in the case, the conviction is affirmed.

Grant, C. J., and Blair, Moore, and Carpenter, JJ., concurred.