GAFFNEY *v.* GOODWILLIE.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—PERSONAL INJURIES—APPEAL AND ERROR.

On certiorari to review an award of the industrial accident board, under the workmen's compensation law, where there was evidence to support the finding of the board that plaintiff's decedent's death was caused by a fall while in defendants' employ, the award will not be set aside.

2. SAME—REVIEW.

A finding of the board that defendants were negligent in reporting said accident, and had subjected themselves to the imposition of a penalty of $50 under section 17, part 3, of the statute, but no order imposing a penalty or levying a fine was made, will not be reviewed by this court, there being no order to be reversed or affirmed.

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

Certiorari to Industrial Accident Board. Submitted October 24, 1918. (Docket No. 82.) Decided December 27, 1918.

Ellen Gaffney presented her claim for compensation against James G. Goodwillie and David L. Goodwillie, copartners as· Goodwillie Brothers, for the accidental death of plaintiff's husband in defendant's employ. From an order awarding compensation defendants bring certiorari. Affirmed.

*James C. Wood,* for appellants.

*Virgil I. Hixson,* for appellee.

PER CURIAM. The board of arbitration refused, two to one, to award compensation. . Upon a review by the industrial accident board, the finding was reversed and compensation allowed. It is admitted that the claimant is widow of the deceased, John Gaffney, that John Gaffney was employed by Goodwillie Brothers, and that both the employer and employed were governed by the workmen's compensation law, that on October 20, 1916, John Gaffney suffered an accidental personal injury arising out of and in the course of his employment, that John Gaffney has since died, that if the claimant is entitled to compensation the award should be for 300 weeks at $5.77 per week. It is not admitted, but is denied, that John Gaffney upon the said occasion received any considerable injury, one that disabled him or resulted in his death. What happened, and the testimony is not in dispute, was, that in taking a board from a machine, another board following it through the machine pushed the board in Gaffney's hands with such force that he was obliged to step back from the machine, or was pushed back from the machine, against and over and upon a truck from which he fell or rolled to the floor. He

immediately arose and resumed work, without complaint except to say that his right hip was hurt. This was early in the forenoon. He worked the remainder of the day. He died December 29, 1916, having been ill from and after October 20, 1916. All the testimony supports the conclusion that he was a sick man on Monday, October 23, 1916, suffering acutely, and thereafter, with variations of acute symptoms, until he died.

Whether what happened to Gaffney at his work, on October 20th, caused his illness and death is the subject to which a considerable mass of testimony, medical and other, is addressed. In a lengthy finding and opinion, the board has set out its reasons for awarding compensation, in the course of which occurs the following:

"It is pretty difficult to say just how hard the man was struck, shoved or pushed, but the fact remains that he was struck, shoved or pushed and went backward three feet and fell upon a truck twelve or fifteen inches high and rolled over it and fell upon the floor. The board is convinced that the accident was a somewhat serious one, taking all of the testimony into consideration, and that it did injure the deceased very seriously and severely.   *   *   *

"We are all satisfied that the factor which caused this man's death was the accidental, personal injury he received in the respondent's plant, on October 20, 1916.   *   *   *

"In this case it is probably impossible to say, with absolute surety, what caused John Gaffney's death, but the board is satisfied that the most probable cause is the accidental personal injury he received in the employ of the respondents. That injury might or might not have caused the death of a young, strong, healthy, normal individual. Taking the testimony as a whole, the board is of the opinion that the accidental personal injury was the cause of his death."

And the board finds specifically:

"'That on October 20, 1916, John Gaffney, deceased, suffered an accidental, personal injury, arising out of and in the course of his employment by being struck, shoved or pushed by a machine and a board, causing him to fall upon and over a truck and to the floor of the mill in which he was working.

"(c) That, as a result of said accidental, personal injury, he was disabled from and after October 20, 1916, until his death, on December 29, 1916."

We are concerned only to ascertain, it being asserted to the contrary, whether there is testimony supporting the finding and conclusion of the board. We are not all of us satisfied that we would reach the same conclusion; which, of course, is not the controlling thing. We shall not set out the testimony. Any analysis of it leaves some ultimate facts to depend upon inferences. But it remains that Mr. Gaffney, a man more than 65 years old, was in fact diseased, suffering from an advanced stage of arterio sclerosis. He had been able to work, but to quote from the medical testimony:

"A person with arterio sclerosis, as I discovered upon *post mortem*, this man had had, would be more likely to be affected by a fall than if he was not suffering with that."

And again:

"A man suffering with arterio sclerosis in the advanced stage which we found in this man, must have a weak heart. He is living, more or less, in the balance and waiting for some cause to intervene to throw him in a state of acute illness, then, any trivial influence, whether exposure or whatever else it might be, might give him broncho-pneumonia or produce evidences of congestion of the kidneys or any other acute disease which takes these people off."

The testimony cannot be harmonized. We find ground for saying that the board had before it some evidence tending to prove that the fall which Mr. Gaffney had set up a train of physical disturbances,

affecting an existing pathological condition in such way as to cause his death. We, therefore, decline to set aside the award.

The board, at some length, enters into a discussion of the conduct of the employer and concludes:

"(*e*) That the respondents, without any cause or reason, failed and neglected to report this accident to the industrial accident board, in accordance with section 17, part 3, of the workmen's compensation law, and subjected themselves to the imposition of the penalty of fifty dollars ($50.00) mentioned in said section of the law."

The law provides that an employer who refuses or neglects to make the report "shall be punished by a fine of not more than fifty dollars for each offense." Counsel for appellants directs our attention to this finding of the board, discusses the facts relating to it and adds that "the imposition of a penalty upon defendants is wrong and should be reversed."

We are concerned only with the order made by the board, which makes no reference to the matter. The board has not imposed a penalty or levied a fine. Upon this subject, there is no order to be reversed or affirmed. We, therefore, do not regard the point as one for decision.