AUSTIN *v.* HOWARD A. DAVIDSON, INC.

Master and Servant—Workmen's Compensation Act—Finding of Department Conclusive, Where Supported by Evidence.

Where, in proceedings for additional compensation under the workmen's compensation act, there was evidence to support the finding of the department of labor and industry that plaintiff's present disability is due to a recurrence of a former injury after his return to work, said finding is conclusive, although there was testimony from which it might have been inferred that his present disability is due to another cause.

Certiorari to Department of Labor and Industry. Submitted April 3, 1929. (Docket No. 47, Calendar No. 34,051.) Decided June 3, 1929.

Glen Austin presented his claim for compensation against Howard A. Davidson, Inc., and General Accident Assurance Corporation, Ltd., of Perth, Scot-

land, insurer, for an accidental injury in defendant Davidson's employ. From an order awarding compensation, defendants bring certiorari. Affirmed.

*Kerr, Lacey & Scroggie,* for defendants.

McDONALD, J. This is a review by certiorari of an award of the department of labor and industry awarding the plaintiff additional compensation for injuries received while employed in the mill yard of the defendant, Howard A. Davidson, Inc.

The accident was caused by the breaking of a brace which was supporting a pile of lumber. The lumber fell upon the plaintiff and seriously injured his back. Liability was conceded, and the parties entered into an agreement for compensation by which the plaintiff was paid for total and partial disability until April 11, 1927, at which time he signed a final settlement receipt and returned to work for the defendant company. On April 23, 1928, he quit his employment, claiming that his original injury had grown worse and that he was unable to work. On May 16, 1928, he filed a petition for further compensation. The deputy commissioner to whom it was referred awarded further compensation from April 24, 1928, until such time as the facts and circumstances would warrant a change. The defendants appealed to the board with the result that the award of the deputy was affirmed.

There is no doubt that the plaintiff's condition has been worse since he signed the final settlement and that he is not able to do the work at which he was engaged at the time of the accident. So, the sole question to be determined is whether his present condition is traceable to the original injury. The board found that it is due to that injury, and if this finding has support in fact, it is conclusive.

The plaintiff's original injury was to his back. When he signed the final settlement receipt, he was discharged by the defendant insurance company's physician and returned to work. It was at the same kind of labor he had done before the accident, piling lumber and doing general work around the mill. This work required lifting and stooping, and it gradually brought on a recurrence of the original trouble. Mr. McGee, under whom the plaintiff was employed, testified that he was a willing worker, but—

"I noticed by his action when he'd stoop over to pick something up, kind of wrench his back. Asked at different intervals, once, twice a week, right along since last August, is it getting better? Said, 'Oh, about the same.' This particular day I went to Mr. Davidson, I told Mr. Davidson about his back being bothering him, troubling him, said it should have attention.

"*Q.* Of course, you are not a doctor; you wouldn't know about his condition?

"*A.* No, but I could tell by his actions, how he carried himself, and the way he acted at any overstrain.

"*Q.* He was a willing boy to work?

"*A.* Absolutely; couldn't wish for a more willing boy."

The plaintiff worked along in this way until the 23d of April, when, in lifting a door, he strained his back, which he says brought on a recurrence of the trouble he had following the original injury. His testimony is very positive as to his present condition and its cause. He is in a better position to know about it than any other person, including the insurance company's physician, who testified that in his opinion the condition of the plaintiff's back is due to an infected tonsil. The doctor's opinion is somewhat qualified by his statement in answer to a ques-

tion whether the plaintiff's present trouble was not in any way due to the former injury. He said: "I couldn't say definitely; no, but I don't think it is."

"*Q.* It is possible, however, doctor, this boy may have some trouble with his vertebræ due to this accident, is it not?

"*A.* Yes, it is possible."

The board was not bound to take the opinion of the doctor when there were other facts sufficient to support a contrary finding.

Counsel for the defendants contend that the plaintiff is not entitled to an award for compensation because from the facts in the case two inferences may be drawn, and it is just as logical to draw one as it is the other, citing *De Mann* v. *Hydraulic Engineering Co.,* 192 Mich. 594; *McCoy* v. *Michigan Screw Co.,* 180 Mich. 454 (L. R. A. 1916A, 323).

This contention is answered by Mr. Justice CLARK in *Paton* v. *Engine & Thresher Co.,* 214 Mich. 130.

The award is affirmed, with costs to the plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.