JOHNSON *v.* FOLWELL-AHLSKOG CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DISCONTINUING PAYMENTS—BURDEN OF PROOF.

Employer petitioning to stop compensation payments to injured employee on ground that disability has ceased, has burden of establishing its claim.

2. SAME—FINDING SUPPORTED BY TESTIMONY FINAL.

On certiorari to review award of department of labor and industry, based on finding of partial disability, if testimony supports said finding, award must be affirmed.

3. SAME—PARTIAL DISABILITY.

Testimony that, while injured employee is able to do light work, and has mowed lawns and dusted furniture in store, he cannot labor full time and is unable to return to his former or like employment, justified finding of department that he is partially disabled.

Certiorari to Department of Labor and Industry. Submitted January 7, 1931. (Docket No. 48, Calendar No. 35,277.)   Decided February 27, 1931.

Jesse Johnson was awarded compensation against the Folwell-Ahlskog Company, employer, and Hartford Accident & Indemnity Company, insurer. From an order denying defendants' petition to stop payment, they bring certiorari. Affirmed.

*Wm. K. Clute,* for plaintiff.

*McAllister & McAllister,* for defendants.

WIEST, J.   This is review by certiorari of the denial by the department of labor and industry of

defendants' petition to stop payment of compensation to plaintiff because of his recovery.

October 15, 1926, plaintiff was in the employ of defendant Folwell-Ahlskog Company and engaged in construction work when a piece of timber fell on his left heel, fracturing the oscalcis bone. By agreement he was awarded compensation of $14 a week. From time to time efforts were made to stop compensation, and, on March 1, 1930, the petition herein was filed. The deputy commissioner stopped compensation. Upon review the commission reversed the order of the deputy, found partial recovery, and continued the compensation at the rate of $7 per week. At the hearing defendants had the burden of establishing the fact that plaintiff's disability had ceased. *Warner* v. *Railway Co.*, 248 Mich. 60.

If the testimony supports the holding of the commission we must affirm. The testimony has been read with care, and supports the finding of the commission.

Plaintiff is able to do light work, and has mowed lawns and dusted furniture in a store, but cannot labor full time and is unable to return to his former or like employment.

Affirmed, with costs against defendants.

CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, C. J., did not sit.