JOHNSON *v.* PEARSON.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PETITION TO STOP COMPENSATION—BURDEN OF PROOF.
   On employer's petition to stop compensation to injured employee, on ground that disability has ceased, burden of proof is on employer.

2. SAME—APPEAL AND ERROR.
   Error in opinion of department of labor and industry, which did not affect result, is not prejudicial.

3. SAME—DEPARTMENT MAY RELY ON LAY TESTIMONY BY WITNESSES ALTHOUGH CONTRARY TO MEDICAL TESTIMONY.
   Department of labor and industry may rely on testimony of injured employee and other lay witnesses in determining duration of injury, although medical testimony may be exclusively to contrary.

4. SAME—CONTINUING INCAPACITY—DEPARTMENT'S AWARD AFFIRMED WHERE SUPPORTED BY TESTIMONY.
   Where there was some testimony that employee was still incapacitated from following his occupation as bricklayer, department's award continuing compensation must be affirmed, on appeal in nature of certiorari.

Appeal from Department of Labor and Industry. Submitted June 9, 1933. (Docket No. 85, Calendar No. 37,228.) Decided August 29, 1933.

Pete Johnson presented his claim for total disability against Joel Pearson, employer, and Builders & Manufacturers Mutual Casualty Company, insurer, for an accidental injury sustained while in defendant's employ. From order denying petition to stop compensation, defendants appeal. Affirmed.

*Willard J. Banyon,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendants.

Butzel, J. On June 29, 1931, Pete Johnson, appellee, of the city of St. Joseph, Michigan, received a compensable injury, while in the course of his employment, as the result of a fall of 20 feet from a window. At the time, appellee was a bricklayer of many years' experience, and, according to the compensation agreement, was averaging $72 weekly in the employment of Joel Pearson, defendant. Pearson and his insurer, the Builders & Manufacturers Mutual Casualty Company, also appellant herein, entered into a compensation agreement to pay appellee $18 per week. The agreement describes the injuries as a "fracture of the left fourth and fifth ribs, fracture of acromion process scapula."

On December 2, 1932, appellants filed their petition to stop or reduce compensation. An order was issued stopping compensation after testimony had been taken and a finding made by a deputy commissioner of the department of labor and industry that the disability had ceased. Johnson thereupon appealed to the commission, and obtained a reversal of the order. Defendants have brought an appeal in the nature of certiorari.

The case presents difficulties, as the testimony is conflicting and rather barren of any but subjective proofs of the continuation of appellee's incapacity. On a petition to stop compensation, however, the burden of proof is upon the petitioner. *Johnson* v. *Folwell-Ahlskog Co.,* 253 Mich. 271; *Warner* v. *Railway Co.,* 248 Mich. 60.

Appellants complain of a statement in the opinion of the commission to the effect that appellee fractured six ribs. This is ostensibly an error that does

not affect the result, for no attempt was made to connect the rib fracture with the cause of continued disability. Plaintiff apparently claims the disability is due in large measure to a fracture of the left elbow. No mention of this fracture was made in the compensation agreement, and the physician who treated plaintiff testified that, although the elbow was injured, the injury was not revealed by an X-ray taken after the accident. X-ray plates taken by Dr. Evans, one of the defendant's expert witnesses, revealed the presence, however, of a ''healed fracture involving the head of the left radius,'' or elbow. There is little doubt but that this fracture dates back to the accident.

Appellee testified that he was still incapacitated for work as a bricklayer. He claims he is unable to maintain a firm grasp on brick, and complains of a click or snap in his left arm, with attendant pain, when he attempts to lift brick into place. Appellee's brother-in-law testified that he was a contractor and had ample work with which to keep appellee busy, but that the latter had failed in all attempts to work. The other lay witness, a son of the contractor, gave like testimony in regard to an instance in which Johnson had been unsuccessful in his presence.

Defendant's expert witnesses testified that X-rays taken more than a year following the injury revealed no evidences of any injury which should incapacitate him for his trade. The doctor who had attended plaintiff after the accident and another physician called by plaintiff testified that, although the X-ray photographs revealed nothing, appellee apparently displayed subjective symptoms of a continuing injury; that he had been able to lift a chair with his right arm without any difficulty; that considerable difficulty was encountered in raising it with his left

hand; and that he was ·almost unable to raise his left arm above his shoulder.

In issuing its order, the commission took these facts into consideration, as well as appellee's previous history and the fact that appellee would be able to earn much more than the $18 received weekly from appellants, were he able to pursue his trade. The commission may rely upon the testimony of plaintiff and lay witnesses in determining the duration of an injury. *Geis* v. *Packard Motor Car Co.,* 214 Mich. 646; *Margenovitch* v. *Newport Mining Co.,* 213 Mich. 272. It is not exclusively bound by medical testimony to the contrary. *Austin* v. *Davidson,* 246 Mich. 599; *Gaffney* v. *Goodwillie,* 203 Mich. 591; *Leitz* v. *Labadie Ice Co.,* 229 Mich. 381. In the instant case, the burden was upon appellant to show that appellee's disability had ceased. There was some testimony indicating that appellee was still incapacitated, and, on an appeal in the nature of certiorari, we must affirm the award if there is any competent testimony supporting it. *King* v. *Peninsular Portland Cement Co.,* 216 Mich. 335; *Martilla* v. *Quincy Mining Co.,* 221 Mich. 525 (30 A. L. R. 1249); *Kibbey* v. *L. O. Gordon Manfg. Co.,* 260 Mich. 531; *Bjorkstrand* v. *Klagstad,* 262 Mich. 186.

Award affirmed, with costs to appellee.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. CLARK, J., did not sit.