DeGROOT v. WINTER.

1. PHYSICIANS AND SURGEONS—MALPRACTICE—QUESTION FOR JURY.
Credibility of witnesses and weight of evidence in malpractice case present questions for jury.

2. SAME—MALPRACTICE—EXCESSIVE VERDICT—BROKEN LEG.
Verdict of $4,560 on second trial of action for alleged malpractice in treatment of plaintiff's broken leg *held*, not excessive.

3. EVIDENCE—MALPRACTICE—LAY WITNESSES.
Testimony of lay witnesses in malpractice case as to plaintiff's physical condition is admissible as to what they see and know unless it is something out of the common course of general information and experience or unless question presented involves medical knowledge beyond that of ordinary unprofessional persons.

4. PHYSICIANS AND SURGEONS—ERROR OF JUDGMENT—LACK OF KNOWLEDGE.
Physician's error of judgment or lack of knowledge which he should possess in treatment of case will not excuse him from liability where he does not treat case with such reasonable skill and diligence as is ordinarily exercised in his profession.

5. DAMAGES—MALPRACTICE—MEASURE OF DAMAGES—FUTURE PAIN AND SUFFERING.
Instruction in malpractice case that defendants are liable in damages for such future pain, suffering and loss of earning capacity as plaintiff will be reasonably certain to endure because of improper treatment and leaving the amount thereof to the sound judgment of the jury *held*, not prejudicial error.

6. EVIDENCE—ADMISSIBILITY—MORTALITY TABLES.
Mortality tables are admissible in evidence in malpractice case to show expectancy of life at given age of normal, healthy person.

7. TRIAL—COERCIVE INSTRUCTIONS.
Claimed coercive instructions to jury *held*, not error.

8. SAME—REQUESTED INSTRUCTIONS—MALPRACTICE—SPECULATION.
  Refusal to give requested instructions of negative character in
    malpractice case upon question of speculation and guess work
    *held*, not reversible error where court had fully stated basis
    for plaintiff's recovery and properly limited damages in case
    recovery was allowed.

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 17, 1933. (Docket No. 119, Calendar No. 37,447.) Decided December 5, 1933. Rehearing denied January 30, 1934.

Case by Dick DeGroot against William G. Winter and another for malpractice. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Clare E. Hoffman* and *Carl E. Hoffman* (*Leo W. Hoffman*, of counsel), for plaintiffs.

*Norris, McPherson, Harrington & Waer* (*Louis H. Osterhous* and *Herbert V. Barbour*, of counsel), for defendants.

POTTER, J. Plaintiff sued defendants to recover damages sustained by reason of defendants' alleged malpractice as physicians and surgeons. From a judgment for plaintiff defendants appeal.

1. It is claimed the verdict is contrary to the weight of the evidence. The credibility of the witnesses and the weight of the testimony is for the jury. When the case was here before (*DeGroot v. Winter*, 261 Mich. 660) the same question was raised, but the case was reversed on other grounds. We think there was sufficient testimony to take the case to the jury.

2. The verdict reviewed in the former case was for $5,000. The verdict now here is $4,560. We cannot say in view of the testimony and exhibits the verdict is excessive.

3. It is claimed lay witnesses were erroneously permitted to testify to plaintiff's physical condition. One does not have to be an expert to testify to what he sees and knows. *Elliott* v. *Van Buren,* 33 Mich. 49 (20 Am. Rep. 668); *Harris* v. *Railway,* 76 Mich. 227; *Will* v. *Village of Mendon,* 108 Mich. 251; *Hall* v. *City of Flint,* 195 Mich. 638.

"There is no rule which can prevent ordinary witnesses from describing what they see, or from testifying concerning the kind of injury or sickness of others whom they have had occasion to consort with, unless it is something out of the common course of general information and experience, or unless the question presented involves medical knowledge beyond that of ordinary unprofessional persons. It would be ridiculous to shut out testimony of what any juryman would understand well enough for all the exigencies of the case before him, simply because no physician has seen or examined the party. It would lead to a denial of justice in all cases of bodily injuries and sickness which did not occur within range of medical help, and which were not regarded as so difficult of treatment as to demand it. There is no danger that the introduction of common testimony on matters of common knowledge will do any more mischief, when open to cross-examination before a court and jury, than would arise from the want of any legal means of selecting witnesses from the numerous class of professional men, who differ as much in their relative merits as many of them do from laymen." *Elliott* v. *Van Buren, supra.*

4. Various complaints are made as to the charge of the court.

(a) It is claimed the court erred in stating to the jury the rule as to a physician's liability for error of judgment in choosing between one of two

approved methods of treatment. The language complained of is an excerpt from the general charge. It was not criticized when the case was here before and is modified and explained by preceding and subsequent portions of the charge. On the whole we are not satisfied defendants were prejudiced thereby. In 48 C. J. p. 1128 the general rule is stated:

"Whether errors of judgment will or will not make a physician or surgeon liable in a given case depends not merely upon the fact that he may be ordinarily skillful, but on whether he has treated the case skillfully or has exercised in its treatment such reasonable skill and diligence as is ordinarily exercised in his profession. The exemption from liability does not extend to a case where the error occurs by reason of a physician's lack of the knowledge which he should possess or his failure to exercise proper care; thus a physician is liable for the consequences if the error of judgment is so gross as to be inconsistent with the exercise of that degree of skill and care which it is his duty to apply."

(b) Complaint is made of the charge of the court in permitting the jury to award damages for future pain, suffering and loss of earning capacity. The court charged the jury:

"If you find for the plaintiff, then you should award to him such a sum as will fully and fairly compensate him for any pain and suffering which he has endured from the time when his leg would, had he not been treated negligently, have recovered. Neither of the defendants was in any way to blame for the original breaking of the leg and no claim has been made in this case that either was in any way responsible for this original breaking or for any pain and suffering which the plaintiff endured because of the original breaking or because of any sub-

sequent pain and suffering growing out of such original breaking which was not caused or contributed to by some negligent act on the part of the defendants. If you find for the plaintiff, he is entitled to recover only for pain over and above that which would naturally have followed from the breaking of a leg and its proper reduction and treatment.

"Plaintiff cannot recover for any pain and suffering which would naturally follow a broken leg, nor for any pain and suffering which would naturally follow the proper treatment after such fracture. It is only for any additional pain which was caused by improper treatment, if there was such improper treatment, for which he asks, or could ask, recovery.

"Now a word relative to the subject of pain and compensation for pain. Of course, no testimony has been offered, and no testimony can be offered as to the value, as to the damage done a man by suffering pain. That is a subject left to the good judgment of the jury; that must be left to the sound discretion and judgment of the jury. If you find in this case that the plaintiff is entitled to recover for pain that he did suffer, over and above what he would have suffered, had the treatment been in accord with standard practice, as I have defined it to you, then you are to decide what amount will fairly compensate him for such pain and suffering, and the fact that no evidence can be offered as to its value, of course, does not mean that plaintiff is not entitled to recover for pain and suffering. It only means that it is impossible to state it, and is left to the sound judgment of the jury.

"The question of damages will not enter into your consideration, unless you first find that the defendants, or one of them, was guilty of negligence which proximately caused the injuries complained of, as I have defined these terms to you.

"In considering the question of damage, you should confine your consideration to those damages which resulted from the negligence of the defend-

ants, if you find that they were negligent, and you must exclude from your consideration any damages which were the natural consequence of the original injury to the plaintiff.

"If you find that plaintiff's earning capacity has been impaired because of negligent conduct on the part of the defendant, or defendants, then you should award to him such a sum as will fully and fairly compensate him for such loss of earning capacity from the time when you determine from the evidence he would have recovered, had he received proper treatment and care, until the present time.

"If you find for the plaintiff, you should award to him such sum as you believe will fairly and fully compensate him for any future pain and suffering which he will be reasonably certain to endure because of any improper treatment."

We find no prejudicial error in the charge of the court.

(c)  It is claimed the court erred in permitting the introduction of the mortality tables. A similar question was before the court in *Hunn* v. *Railroad. Co.,* 78 Mich. 513 (7 L. R. A. 500), where the rule is stated:

"The mortuary tables contained in Howell's Statutes were properly admitted in evidence, as some testimony tending to show Hunn's expectancy of life at the age of 27. *Balch* v. *Railroad Co.,* 67 Mich. 394. Such tables are not conclusive. They show the probable age which a healthy person may expect to reach, whose age is given. But when that is before the jury, and the physical condition of the person at the time of his death, and all testimony which may reasonably affect his duration of life, the jury must determine from the testimony before them the probable duration of decedent's life had he not died as a result of his injury."

We do not find the court was in error in permitting the introduction of the mortality tables nor in his charge to the jury.

5.  It is claimed the court was in error in inducing a verdict by coercive instructions to the jury. The instructions did not go as far as those in *People* v. *Coulon,* 151 Mich. 200, and we find no error in such instructions.

6.  It is contended the court erred in refusing to give the instructions requested by defendant upon the question of speculation and guess work. These instructions were negative in character. The court had very fully stated what was necessary for plaintiff to prove and establish in order to recover. He had properly limited the measure of damages to which plaintiff might be entitled in case defendants were found guilty of malpractice. This was all that was necessary. We find no reversible error.

Judgment affirmed, with costs.

Weadock, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred. McDonald, C. J., did not sit.