CLARICE EMERY, Appellee, v. OTTUMWA DIRECT SERVICE STATIONS, Employer, and STANDARD ACCIDENT INSURANCE COMPANY, Insurance Carrier, Appellants.

No. 43107.

OCTOBER 15, 1935.

REHEARING DENIED JANUARY 24, 1936.

Gilmore, Moon & Bannister, for appellants.

Chandler Woodbridge, for appellee.

ANDERSON, J.—This is a compensation case, and the only question involved on this appeal is as to whether or not there is sufficient competent evidence in the record to support an award under the Compensation Act (Code 1931, section 1361 et seq.). The claimant, Clarice Emery, was the wife of Leo Emery, the deceased workman. The case was first decided by Hon. Ralph Young, deputy industrial commissioner, in which decision appellee was awarded the statutory compensation. On review before the industrial commissioner, the award of the deputy commissioner was affirmed, and, on appeal to the district court of Wapello county, Iowa, the award was again confirmed and judgment entered thereon against the appellants. Hence this appeal.

There is no disagreement between the parties hereto as to what the law is governing such cases. It is conceded that the industrial commissioner is the trier of facts, and that his findings as to what the facts are are conclusive, if based upon any evidence sustaining such findings, and, if there is no evidence to support such findings and award, the court on appeal may reverse.

It is true that an award may not rest on speculation and conjecture. It is conceded that the workman, Leo Emery, received an injury on July 2, 1932, resulting in a left inguinal hernia, and that such injury arose out of and in the course of

his employment. The fact question is as to whether his death resulted from such injury.

The record discloses that Leo Emery was employed by the appellant Ottumwa Direct Service Stations from 1928 until the date of his death, October 15, 1932. On July 2, 1932, he received an injury arising out of and in the course of his employment, resulting in an inguinal hernia; that he continued in his employment from the time of his injury until Saturday, October 8, 1932; that two or three days prior to said date the hernia had become suddenly enlarged and painful, necessitating an operation, and on Sunday, October 9, 1932, he was operated on in a hospital by defendants' physician. Dr. Bishop. It is fair to say that at the time Mr. Emery entered the hospital for the operation he was in good health other than the trouble arising from his injury. On Wednesday following the operation his condition underwent a decided change, he had a chill late in the afternoon, and the next day, Thursday, when the dressings were changed, the incision itself was swollen and the abdomen looked infected because it was rigid, inflamed, and fiery red; that at this time the abdomen was rigid due to the involvement of the lining of the abdominal cavity and intestines, and we think it is fair to say that at that time peritonitis had developed. On Thursday hot packs were applied to the abdomen in an attempt to localize the infection, but Mr. Emery continued to grow worse and died Saturday evening, October 15, 1932. On Wednesday, October 12th, an infection of his throat developed, which was treated by a specialist, and the evidence shows that on Thursday the throat condition was clearing up and was only slightly swollen and slightly inflamed. There is no evidence of the existence of any throat disease when he entered the hospital and was operated upon. The testimony of the medical experts offered by the defendants was to the effect that the man died of general infection that had affected the peritoneal cavity. The throat trouble was diagnosed as streptococcic infection, and one of the medical experts testified that such an infection would or could produce death, but did not testify that the man died of a streptococcic infection of the throat, but that he did die of infection of the peritoneal cavity.

Claimant's evidence shows that Mr. Emery was in good health prior to and when the operation was performed except for the hernia; that he was operated on under local anæsthetic

on Sunday morning; that following the operation that he was at all times uncomfortable and complaining of backache; that on the following Wednesday evening he had a chill, followed by high temperature; that on Thursday it looked as though there was infection in the abdomen because of the red, inflamed, and rigid condition of the entire abdomen and the swollen condition of the incision. There is some evidence to the effect that Mr. Emery had in the past been subject to some sinus trouble and catarrhal condition of the nose and throat; that he had his tonsils removed, but there is no evidence as to when such conditions had existed or that any of such trouble was of any serious import. Such, we believe, is a fair statement of the facts as disclosed by the evidence in this record. As stated by the industrial commissioner in his award: "It is hardly conceivable that this recurring sinus (throat) trouble just happened to become fatally virulent when the patient was under the stress of operation and its consequent effect." The commissioner also said in commenting on the testimony of one of the medical experts, Dr. Bannister, that Dr. Bannister "made a rather indefinite" statement as to the matter. In fact, the doctor avoided making a definite statement that the fatal infection originated in the throat. The record fairly shows that there was no evidence of any throat trouble or infection immediately prior to the time the man was operated upon in the hospital, and, from the fact that the defendants' medical experts testified that this was clearing up twenty-four hours after a treatment, would indicate that it was but a slight trouble or infection at that time.

A further recitation or discussion of the facts is unnecessary. It is conceded that the law is well settled that the industrial commissioner is the trier of fact and that his finding is conclusive where there is competent evidence to support it. Pace v. Appanoose County, 184 Iowa 498, 168 N. W. 916; American Bridge Co. v. Funk, 187 Iowa 397, 173 N. W. 119; Enfield v. Certain-Teed Co., 211 Iowa 1004, 233 N. W. 141; Royal v. Cudahy Packing Co., 195 Iowa 759, 190 N. W. 427; Serrano v. Cudahy Packing Co., 194 Iowa 689, 190 N. W. 132; Royal v. Hawkeye Cement Co., 195 Iowa 534, 192 N. W. 406; Almquist v. Nurseries, 218 Iowa 724, 254 N. W. 35, 94 A. L. R. 573; Petersen v. Corno Mills Co., 216 Iowa 894, 249 N. W. 408; O'Neill v. Sioux City R. Co., 193 Iowa 41, 44, 186 N. W. 633; Root v.

Shadbolt & Middleton, 195 Iowa 1225, 1237, 193 N. W. 634; Diederich v. Tri-City Railway Co., 219 Iowa 587, 258 N. W. 899.

It has also been repeatedly held, and must be conceded as the law, that the commissioner may rely upon the testimony of the claimant in determining the cause of death and is not bound by the testimony of medical experts. Johnson v. Pearson, 264 Mich. 319, 249 N. W. 865; Austin v. Davidson, Inc., 246 Mich. 599, 225 N. W. 524; Jelusich v. Wisconsin Land Co., 267 Mich. 313, 255 N. W. 920.

We have also held that, where an employee has a pre-existing disease which is aggravated through an injury, and death results, that recovery may properly be awarded. Hanson v. Dickinson, 188 Iowa 728, 176 N. W. 823; Farrow v. Clay Products Co., 198 Iowa 922, 200 N. W. 625.

In the memorandum opinion filed by the Honorable George W. Dashiell we find this statement: "I am unable to escape the conclusion that at the close of the claimant's case before the Commissioner there was ample evidence on which he would have been justified in finding that the hernia injury and the resultant operation was the cause of Mr. Emery's death."

If this statement is true and is supported by evidence, then, irrespective of the defendant's evidence, the record is sufficient to support the award, for the reason that the defendant's evidence necessarily could only produce a conflict in the evidence, and the finding by the commissioner under such conditions is final and conclusive.

We believe that the statement of the trial court as quoted is true, and further that from the facts as disclosed by the record such is the only conclusion that could be drawn.

We are satisfied with the disposition of the fact question as made by the industrial commissioner and the trial court, and an affirmance necessarily follows.—Affirmed.

KINTZINGER, C. J., and MITCHELL, DONEGAN, RICHARDS, POWERS, and HAMILTON, JJ., concur.