**GENERAL MOTORS CORPORATION,**
Appellant,

v.

**WOLVERINE INSURANCE COMPANY,**
subrogee, and John E. Tiggelman,
Appellees.

No. 13365.

United States Court of Appeals
Sixth Circuit.

May 12, 1958.

Byron A. Carse, Detroit, Mich. (William J. Eggenberger, Detroit, Mich., on the brief), for appellant.

Dalton G. Seymour, Benton Harbor, Mich. (Seymour & Seymour, Benton Harbor, Mich., on the brief), for appellees.

Before MARTIN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment entered upon a jury verdict in favor of John Tiggelman and the Wolverine Insurance Company, a partial subrogee of Tiggelman, awarding damages for personal injuries to Tiggelman and property damage to his automobile. The complaint alleged that the damages had been caused by the collapse or breaking loose of the left rear wheel of Tiggelman's automobile, which had been manufactured by the defendant. Timely motions for a directed verdict were made by the defendant upon the ground that the plaintiffs' evidence was insufficient to go to the jury on the issue of the defendant's negligence, and the appellant assigns as error the refusal of the district court to direct a judgment in its favor.

The facts giving rise to this litigation are relatively simple. In January, 1950, Tiggelman purchased a new 1950 Oldsmobile which he drove approximately 5800 miles prior to May 4, 1950. On that date Tiggelman took a pleasure drive accompanied by an acquaintance, James

Brown, and the latter's two year old niece. In the course of the trip Tiggelman offered to allow Brown to drive. Brown accepted and drove approximately one and one half miles without incident. After completing a left-hand curve at a speed variously estimated as being between fifty and sixty miles per hour, the car rolled over several times, left to right, finally coming to rest on its top.

The plaintiffs introduced the testimony of three eyewitnesses to the accident, Brown, Tiggelman, and the driver of another automobile who was proceeding behind Tiggelman's car in the same direction. Tiggelman testified that as his car completed the curve or immediately thereafter it lurched and skidded as if on a patch of ice. The driver, Brown, testified that prior to the skid he felt a lurch and the left rear of the car seemed to him to have dropped. The other driver also testified that immediately prior to the accident he observed the left rear of the Tiggelman car drop. On cross-examination this witness admitted that he did not see that the left rear wheel had broken loose until after the car had rolled over.

Although under the law of Michigan negligence may be inferred by a jury from physical facts, the present record is barren of any physical evidence which could justify a reasonable inference of negligence by the defendant. Standing alone the happening of the accident raises no presumption of negligence. Daigneau v. Young, 1957, 349 Mich. 632, 85 N.W.2d 88. No negligence in the manufacture, assembly, or inspection of the wheel was shown. No evidence of any specific defect in the wheel was offered. The defendant's expert testimony to the contrary was uncontradicted. No evidence showed that the wheel broke loose prior to the accident. Rather, the physical and testimonial evidence indicated convincingly that the wheel was broken off as a result of the car's rolling over.

In sum, the plaintiffs' evidence showed nothing more than that an acci-

dent had occurred and that immediately prior thereto the car had lurched and skidded and that the left rear section had dipped, and that when the car came to rest, the left rear wheel had become detached. Taking the most favorable view of the plaintiffs' evidence, the inference of negligence clearly "stands equiponderant at best" with the contrary inferences relied upon by the defendant. It was, therefore, the duty of the district court to direct a verdict in favor of the defendant. Kaminski v. Grand Trunk Ry., 1956, 347 Mich. 417, 421, 79 N.W. 2d 899. Compare Sitta v. United States Steel Corp., 6 Cir., 1958, 254 F.2d 12.

The judgment is set aside and the case remanded to the district court with directions to enter judgment for the defendant.