Bernice SHEPTUR, Appellant,

v.

The PROCTER & GAMBLE DISTRIBUTING CO., an Ohio corporation, Appellee.

No. 13467.

United States Court of Appeals Sixth Circuit.

Nov. 28, 1958.

222

George Downing, of Marcus, Kelman, Loria, McCroskey & Finucan, Detroit, Mich., for appellant.

G. Cameron Buchanan, Detroit, Mich., Richard A. Harvey of Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., William L. Blum and Thomas S. Calder, of Dinsmore, Shohl, Dinsmore & Todd, Cincinnati, Ohio, on brief, for appellee.

Before ALLEN, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

The sole question presented in this appeal is whether the District Court committed reversible error in directing a verdict for defendant at the close of plaintiff's [1] testimony.

Plaintiff filed an action claiming that she had suffered an injury from the use of Tide, a well-known detergent. Plaintiff was employed as dishwasher at Cloverdale Farms, a restaurant in Garden City, Michigan. While plaintiff's testimony as to dates is somewhat vague, her employment began around April 26, 1952. The work required plaintiff to wash dishes by hand in heated water for eight hours a day six days a week. The water was described as being water that she could put her hands in. Previously plaintiff had similar employment at a restaurant which used a dishwashing machine and therefore did not require frequent or continuous immersion of the hands.

It is admitted that during the first part of the employment plaintiff's employer furnished Tide for the dishwashing. On September 8, 1952, prior to plaintiff's leaving her employment, her employer purchased a case of Surf, another detergent, for use at Cloverdale. About September 24, 1952, plaintiff left her employment due to a severe skin irritation or eczema. She was treated for several weeks by two doctors and her condition improved so that she returned to Cloverdale just before election day. At plaintiff's request her employer supplied a different soap for several days and then reverted to Tide. Plaintiff used Tide "Just one day" and "quit right there", having worked in this second period one week.

1. The parties will be designated as in the court below.

After leaving the restaurant September 24, 1952, plaintiff was treated by three doctors, only one of whom testified at the trial. He stated that plaintiff's eczema was contact dermatitis. He did not testify that the use of Tide or any other soap caused the irritation. The District Court directed the jury to return a verdict in favor of defendant upon the ground that sufficient evidence had not been presented to the effect that plaintiff's dermatitis was caused by Tide.

The only testimony on this point was given by plaintiff and a doctor who had never treated her as a patient.

As to plaintiff's testimony, when asked what the cause of the dermatitis was, plaintiff testified, "nothing else but Tide. That was all I was using." This statement was concededly inaccurate for it is shown by undisputed testimony that some seventeen days before plaintiff left Cloverdale on September 24, 1952, Surf was furnished for use at the restaurant. Also plaintiff was shown to have used at home in dishwashing, laundry work, etc., preparations such as Lux, Camay, and Silver Dust.

Plaintiff's expert medical witness first saw and examined plaintiff on June 26, 1953. He stated that the eruption on plaintiff's hands could have been caused by Tide if that was the product that was used in her dishwashing.

██ We think the judgment of the District Court must be affirmed. A doctor's testimony to the effect that an alleged injury "could have been caused" in the manner claimed has little probative value. Cole v. Simpson, 299 Mich. 589, 595, 1 N.W.2d 2. Moreover, while lay witnesses such as plaintiff may testify as to what they observe and know, their testimony with reference to scientific facts requiring knowledge beyond that of the ordinary nonprofessional person has little evidential effect. New York Life Insurance Company v. Newman, 311 Mich. 368, 375, 18 N.W.2d 859. One does not have to be an expert as to what one sees and knows in order to give probative testimony. De Groot v. Winter, 265 Mich. 274, 251 N.W. 425; Austin v.

Howard A. Davidson, Inc., 246 Mich. 599, 225 N.W. 524. Here, however, the question of the cause of the dermatitis involved scientific and medical facts beyond the knowledge or experience of plaintiff. New York Life Insurance Company v. Newman, supra. The instant case presented aspects upon which the testimony of an ordinary layman as to cause of the injury could shed little light. The fact that plaintiff was compelled to immerse her hands in heated water for eight hours a day six days a week was not to be ignored. Whether the water in which she had to immerse her hands so continuously was hard or soft, and whether it contained chemicals such as chlorine does not appear, although doubtless these facts would have had bearing. A complex scientific problem was presented as to whether the dermatitis might not have been caused by the particular water and its use for such a continuous time. The fact that plaintiff was supplied with Surf for a substantial period before quitting the restaurant also was important.

It is to be observed that the court did not exclude this evidence. It was for the court to decide whether the evidence had sufficient probative force to present a jury question. The District Court rightly ruled, in view of plaintiff's lack of training or experience, that her evidence was not sufficient to require submission of the case to the jury.

██ The testimony of plaintiff's expert witness also fails to develop a prima facie case. He did not say that Tide was a more probable cause of the dermatitis than Surf or the other soaps and detergents admitted to have been used by plaintiff, nor that Tide was a more probable cause than the use of the heated water under the circumstances.

The rule upon this subject under Michigan law, which is controlling here, is thus stated in Kaminski v. Grand Trunk Western Railroad Company, 347 Mich. 417, at page 421, 79 N.W.2d 899, at page 901:

"It is thus right to say that the trial judge's immediate duty, motion for direction having been made with

address to the rule of conjectural choice between equally plausible inferences, is to determine on favorable view of the inference plaintiff relies upon whether it stands equiponderant at best with such as is, or are, urged by the defendant. If the answer is affirmative, then and only then will the judge be justified in proceeding as moved.

"Some 30 years ago the supreme court of Alabama adopted a workable test-definition designed toward ascertainment of what is conjectural and what is not in negligence cases. That court recently referred to such definition as having 'been quoted until it has become a classic', City of Bessemer v. Clowdus, 261 Ala. 388, [394], 74 So.2d 259, 263. We quote it as follows from the Bessemer case:

" 'As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be two or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only. On the other hand, if there is evidence which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence.' "

 The scintilla rule does not obtain in Michigan. Under Michigan law, in order to make a prima facie case that requires submission to the jury, plaintiff's evidence must justify inferences that its contentions are at least equally as probable as those relied upon by defendant. Kaminski v. Grand Trunk Western Railroad Company, supra; General Motors Corporation v. Wolverine Insurance Company, 6 Cir., 255 F.2d 8.

The happening of an accident is not of itself any evidence of negligence. Daigneau v. Young, 349 Mich. 632, 85 N.W. 2d 88. Here there were two or three equally probable causes to account for plaintiff's condition. The probative evidence is not selective to any one of the possible causes. Cf. Kaminski v. Grand Trunk Western Railroad Company, supra. The jury is not warranted in speculating under this record that Tide was the proximate cause of the injury. Frye v. City of Detroit, 256 Mich. 466, 469, 239 N.W. 886. This case declares that the proof in such instances "must show more than a possibility."

All questions presented have been considered. We find no reversible error in the ruling of the District Court.

The judgment of the District Court is affirmed.