BREBNER *v.* SIDNEY HILL HEALTH SYSTEM, INC.

1. NEGLIGENCE—PRESUMPTIONS.

No presumption of negligence is raised by the mere happening of an accident, or proof of injury resulting therefrom.

2. SAME—UNANTICIPATED CONSEQUENCES.

Negligence cannot be predicated on an act or omission from which there was no reason to anticipate that injury of any kind might result.

3. SAME—TEST OF ORDINARY CARE.

What one does as related to circumstances under which he acts is test as to whether ordinary care has been used, not what one does, considered of itself and apart from all other considerations.

4. PHYSICIANS AND SURGEONS—MASSEUR—NEGLIGENCE.

Intentional movement of patron's arm by defendant's employee, a masseur, upon commencement of massaging treatment in such a manner that patron's thumb injured his eye was a negligent act for the natural consequences of which defendant is accountable.

5. Appeal and Error—Damages—Determination by Trial Judge.
    Determination of trial judge as to amount of damages for personal injury will not be disturbed on appeal, if reasonably within range of testimony, since he saw plaintiff and the witnesses and heard them testify.

6. Damages—Permanent Eye Injury.
    Judgment of $2,750 in negligence case against health system for permanent injury to eye *held*, not inadequate where percentage of loss of vision was in dispute and plaintiff spent $753.50 for medical and hospital expenses.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 4, 1934. (Docket No. 61, Calendar No. 38,021.) Decided December 10, 1934.

Case by George Brebner against Sidney Hill Health System, Inc., a Michigan corporation, for personal injury caused by negligent act of defendant's servant. Judgment for plaintiff. Defendant appeals. Plaintiff cross-appeals. Affirmed.

*Floyd T. Schermerhorn*, for plaintiff.

*Vandeveer & Vandeveer,* for defendant.

Nelson Sharpe, C. J. This case was tried by the court without a jury. In the opinion filed by him the facts (and they do not seem to be in dispute) are stated as follows:

"Plaintiff was a patron of the defendant's health system, and on the 14th of June, 1933, found himself in one of the massaging booths in the defendant's establishment, ready to be treated by a masseur. He was lying upon his back and had his hands partially raised, with the elbows flexed and with the palms extended in such a manner that his right hand, with the thumb turned toward his body, was near his face. While in this position (and whether it was

stationary or in the process of motion is immaterial), the defendant's servant entered for the purpose of administering treatment. He grasped the plaintiff's right hand for the purpose of beginning a massage treatment upon his right arm. Plaintiff testified that at this time his right hand was forced by the defendant's servant violently toward his face, and in such a manner that his right thumb entered his right eye, denuded a certain portion of the cornea surface and caused painful and permanent injury."

He found that the injury plaintiff sustained was caused by the negligent act of the defendant's servant, and that plaintiff was entitled to recover therefor. He fixed his damages at the sum of $2,750, and entered a judgment in his favor for that amount, from which the defendant has taken this appeal. The plaintiff has taken a cross-appeal, claiming therein that the damages awarded him are inadequate.

Defendant's counsel moved for a judgment in its favor when plaintiff's proofs were submitted, and also at the close of all of the proofs, and allege error on the denial of such motions. Their claim in this respect is based upon the well-settled rule that—

"No presumption of negligence is raised by the mere happening of an accident, or proof of injury resulting therefrom." *Massachusetts Bonding & Ins. Co.* v. *Park* (syllabus), 197 Mich. 142,

and that—

"One is not bound to foresee every possible injury which might occur, and negligence cannot be predicated on an act or omission from which there was no reason to anticipate that injury of any kind might result." 45 C. J. p. 658.

Defendant's employee testified that he took hold of plaintiff's arm for the purpose of massaging it,

and that he had hold of it when the thumb went into his eye. Of course, he did not intend to thus injure him, but it is apparent from the testimony that his movement of the arm caused plaintiff's thumb nail to come in contact with his eyeball.

"It is not what one does, considered of itself and apart from all other considerations, which is to be judged in determining whether there has been an exercise of ordinary care. It is to what he does as related to the circumstances under which he acts that the test is to be applied." *Stedman* v. *O'Neil,* 82 Conn. 199, 206 (72 Atl. 923, 22 L. R. A. [N. S.] 1229).

The trial court also found:

"Under these conditions a voluntary intentional moving of the plaintiff's hand with the fingers extended toward his eye was, the court finds, an act of negligence. And this being true, the defendant is accountable for all of the consequences which naturally flowed from such an act. The court finds that the injury actually sustained here was one which did naturally and within the realm of reasonable expectancy flow from the negligent act of defendant's servant."

We are in accord with this finding. The motions were properly denied.

The plaintiff insists that the damages awarded him were inadequate in view of the injury he received. His medical and hospital expenses amounted to $753.50. He was at the time of his injury district sales manager for the Scovel Manufacturing Company. No claim is made for loss of earnings. The trial court found that the injury to his right eye was permanent. The extent to which his vision was affected was in dispute. Dr. Scarney, a witness for plaintiff, estimated his loss in this respect at 60 per cent., while Dr. Heath, a witness for the defendant,

placed it at 20 per cent. The trial court saw these witnesses, and heard them testify. He also heard the plaintiff testify as to the effect of the injury upon the vision in both of his eyes. While the plaintiff is entitled to the allowance of such a sum as will compensate him for the injury he sustained, in a case such as this it cannot be determined to a nicety.

"If reasonably within the range of the testimony, the determination of the trial judge as to the amount of damages to be awarded will not be disturbed, on appeal." *Kinsler* v. *Simpson,* 257 Mich. 7, 10.

We feel constrained to apply this rule to the facts here presented. The judgment is affirmed. As both parties have appealed, no costs will be allowed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.