## WARWICK *v*. BLACKNEY.

1. APPEAL AND ERROR—JUDGMENT AFTER DISAGREEMENT OF JURY.

On appeal from judgment entered after disagreement of jury, record must be construed in the light most favorable to appellant (3 Comp. Laws 1929, § 14535).

2. AUTOMOBILES—WRONG SIDE OF ROAD—NEGLIGENCE—REBUTTABLE PRESUMPTION.

*Prima facie* case of negligence may be made out against defendant by proof that the accident occurred because he drove his car on wrong side of road, but such presumption is rebuttable, exists only in the absence of evidence and does not serve at all when the issue of negligence is tried out upon the evidence.

3. NEGLIGENCE—PRESUMPTIONS.

No presumption of negligence is raised by the mere happening of an accident or proof of injury resulting therefrom.

4. SAME—CAUSAL CONNECTION—EVIDENCE.

In action by pedestrian walking along the side of a road for injuries sustained when he came into contact with the left rear fender of car traveling on wrong side of road in same direction, while plaintiff's proofs need not show causal connection between defendant's negligence and plaintiff's injuries by direct evidence, it must be shown beyond the point of conjecture.

5. SAME—VIOLATION OF STATUTE—PROXIMATE CAUSE.

Although disobedience of a statute may be conclusive evidence of negligence, a condition of recovery by one urging it as a ground for holding other party guilty of negligence is that such disobedience must be the proximate cause of the injury or that it contributed thereto.

6. HIGHWAYS AND STREETS—CONGESTED TRAFFIC—POLICING.

Rules of the road applicable to normal traffic conditions are not abrogated by reason of congested traffic or unusual crowds in the absence of proof of presence of police officers directing such change.

7. SAME—PEDESTRIANS—AUTOMOBILES—CARE REQUIRED.

Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection but they may not rest content on that assumption and take no care for their own safety.

8. AUTOMOBILES—DRIVING ON WRONG SIDE OF ROAD—CARE REQUIRED.

One who violates the law of the road by driving on the wrong side assumes the risk of such experiment and is required to use greater care than if he had kept on the right side. ·

9. NEGLIGENCE—TEST OF ORDINARY CARE.

What one does as related to circumstances under which he acts is test as to whether ordinary care has been used, not what one does, considered of itself and apart from all other considerations.

10. AUTOMOBILES—NEGLIGENCE—WRONG SIDE OF ROAD.

In pedestrian's action against motorist for injuries sustained when he came in contact with left rear fender of car driven on wrong side of road as he was overtaken, motorist *held*, not guilty of negligence as a matter of law, where he was unable to turn from lane of traffic because of congestion ahead of and around him, cars were pressing from rear, and he took necessary precautions to avoid plaintiff without swerving from his path.

11. APPEAL AND ERROR—JUDGMENT AFTER DISAGREEMENT OF JURY.

On appeal from judgment for defendants entered after disagreement of jury, questions of contributory negligence and loss of earnings are not considered where defendant is held not guilty of negligence as a matter of law (3 Comp. Laws 1929, § 14535).

12. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
    Contributory negligence necessarily implies negligence on the
    part of defendant.

Appeal from St. Clair; George (Fred W.), J. Submitted April 11, 1935. (Docket No. 113, Calendar No. 38,384.) Decided June 3, 1935. Rehearing denied September 10, 1935.

Case by Charles William Warwick against Willard Blackney and Maude G. Blackney for personal injuries sustained when hit by automobile driven in a negligent manner. Upon disagreement of jury, judgment was entered for defendants. Plaintiff appeals. Affirmed.

*Aaron Drook* and *Benjamin B. Stepsay,* for plaintiff.

*Stewart & Black (Dean W. Kelley,* of counsel), for defendants.

BUSHNELL, J. Just as the Harmsworth motor boat race in St. Clair river, north of Marine City, was about to start on Labor Day, September 4, 1933, plaintiff and his wife parked their car opposite the north end of the course, on the west side of State highway M-29, commonly known as the River road, which runs for some distance along the west bank of the river. After crossing the highway they walked towards the south on the east or left side of the road, which was crowded with motor vehicles proceeding or attempting to proceed southward in double lanes towards Marine City. Defendants, who are mother and son, were also in the congested traffic, the son driving the car which belonged to his mother. Before reaching the scene of the accident,

this car and others went over to the east side of the road, where ordinarily north-bound cars would travel. Plaintiff claims he and his wife were walking in single file, he being in the lead, about three inches off the 20-foot concrete pavement. Defendant driver claims plaintiff was walking on the concrete. In any event, defendant sounded his horn and plaintiff stepped aside. Defendant's auto, traveling not over 10 to 20 miles per hour, then continued for about its own length and stopped because, as the driver's mother testified:

"After the car passed them, I felt or heard, I am not sure which, a jar and then I heard a woman scream, in fact several screams, and I told my son to stop."

Plaintiff testified:

"Well, I was walking south. I was looking at the river. You can see boats going up the river, picturesque, you know, and all I know is that I saw this fender flash by and it hit me, threw me off balance, and as I fell I put my arm up like that (illustrating) and something hit my elbow and sort of threw me off balance. I could see the rear wheel turning. Finally I fell on the road. I picked myself up. I didn't think I was so badly hurt, I couldn't see it. I saw Mr. Blackney with his car parked about from here to the wall over there, and he got out of his car, he opened the door and stood like this. And so I picked myself up and I walked across the road and I got down on the grass."

He was asked on direct examination: "Do you know what part of the automobile struck you first?" and answered: "Struck where the curve of the fender comes down."

Defendant (Willard Blackney) testified:

"After the ambulance had gone, I had occasion to examine my car. There was dust on it. I can't say

how long that dust had been there. I found a place on the car where the dust had been brushed off. It was on the sloping part of the back fender, and a space—I would say a foot and a half or two, was brushed off. No dust had been brushed off the front fender. I examined the curve of the front fender."

There is no evidence that the defendant driver left the pavement, changed the course of the car, or drove with reckless disregard of the rights of others on the highway.

Plaintiff appeals from a judgment for defendants upon the evidence and proofs after the disagreement of a jury. See 3 Comp. Laws 1929, § 14535, and *Central Electric Co.* v. *LeMoine,* 263 Mich. 117. The trial judge held that plaintiff failed to establish that either of the defendants was guilty of any act of negligence constituting the proximate cause of the injuries described in the declaration.

The first question is whether defendant was guilty of negligence as a matter of law. The record must be construed in the light most favorable to appellant. *Pomeroy* v. *Dykema,* 256 Mich. 100. A *prima facie* case of negligence may be made out against defendants by proof that the accident occurred by reason of the driving of the car on the wrong side of the highway, but this presumption may be rebutted.

"The presumption, however, exists only in the absence of evidence, and does not serve at all when the issue of negligence is tried out upon evidence." *Noonan* v. *Volek,* 246 Mich. 377, as cited in *Hanna* v. *McClave,* 271 Mich. 133.

No presumption of negligence is raised by the mere happening of an accident or proof of injury resulting therefrom. *Brebner* v. *Sidney Hill Health System, Inc.,* 269 Mich. 541. Defendant was not

traveling at an excessive speed, had his car under control, blew his horn and plaintiff stepped aside; then came the contact. As stated by the trial court, had "the defendant's car struck plaintiff head-on, a different situation might have presented itself," but the contact, according to the testimony, was with the front of the left rear fender and thereafter some part of the car tore plaintiff's right arm.

In *Frye* v. *City of Detroit,* 256 Mich. 466, Mr. Justice WIEST adopted the following rule from *Ramberg* v. *Morgan,* 209 Iowa, 474 (218 N. W. 492):

"True, it was not necessary for plaintiff to prove the causal connection by direct evidence, but substantial evidence must be furnished upon which a reasonable basis for inference may be made. The proof must establish causal connection beyond the point of conjecture. It must show more than a possibility. Verdicts must rest upon reasonable certainty of proof. Where the proof discloses that a given result may have occurred by reason of more than one proximate cause, and the jury can do no more than guess or speculate as to which was, in fact, the efficient cause, the submission of such choice to the jury has been consistently condemned by this court and by other courts."

Mr. Justice OSTRANDER said in *Syneszewski* v. *Schmidt,* 153 Mich. 438, as to the law of actionable negligence:

"It embraces, also, the doctrine, announced at an early day by this court (*Billings* v. *Breinig,* 45 Mich. 65, 71), that, although disobedience of a statute may be conclusive evidence of negligence, a condition of recovery by one urging the disobedience is that such disobedience must be the proximate cause of the injury complained of or that it contributed to the injury."

The rules of the road applicable to normal traffic conditions are not abrogated by reason of congested traffic or unusual crowds in the absence of proof of the presence of police officers directing such change.

"Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection, but they may not rest content on that assumption and take no care for their own safety." *People* v. *Campbell* (syllabus), 237 Mich. 424.

"One who violates the 'law of the road' by driving on the wrong side assumes the risk of such experiment and is required to use greater care than if he had kept on the right side * * * *Angell* v. *Lewis,* 20 R. I. 391 (39 Atl. 521, 78 Am. St. Rep. 881)." *Winckowski* v. *Dodge,* 183 Mich. 303.

The quotation used by Chief Justice NELSON SHARPE in *Brebner* v. *Sidney Hill Health System, Inc., supra,* can be used here. It reads:

"It is not what one does, considered of itself and apart from all other considerations, which is to be judged in determining whether there has been an exercise of ordinary care. It is to what he does as related to the circumstances under which he acts that the test is to be applied. *Stedman* v. *O'Neil,* 82 Conn. 199, 206 (72 Atl. 923, 22 L. R. A. [N. S.] 1229)."

Under the circumstances presented by the record, defendant driver could not turn out of the lane of traffic because of the congestion ahead and around him. Others were closely pressing from the rear. He took the necessary precautions and avoided plaintiff without swerving from his path. There being no negligence the trial judge was correct in entering judgment for defendants. We do not need to con-

sider the questions of plaintiff's contributory negligence or his loss of earnings for contributory negligence necessarily implies negligence on the part of defendants. *Rockwell* v. *Railway Co.*, 253 Mich. 144.

Judgment is affirmed, with costs to appellees.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.