## SWARD *v.* MEGAN.

1. TRIAL—MOTION FOR DIRECTED VERDICT—EVIDENCE.

   On a defendant's motion for a directed verdict at close of plaintiff's proofs it is incumbent upon the trial judge to view all of the evidence in the light most favorable to plaintiff.

2. NEGLIGENCE—BURDEN OF PROOF.

   Burden of establishing right to recover for injuries alleged to be due to defendant's negligence is upon the plaintiff.

3. SAME—PRESUMPTIONS.

   Negligence cannot be presumed but must be alleged and affirmatively shown.

4. SAME—INJURY ALONE NOT EVIDENCE OF DEFENDANT'S FAULT.

   Mere fact that an injury occurred is no evidence of fault on the part of the defendant.

5. SAME—DANGEROUS INSTRUMENTALITY—RAILROAD TORPEDOES.

   In action for injuries to 9-year old boy caused by explosion of a railroad track torpedo he found near a private crossing of the right of way which divided farm on which plaintiff lived, plaintiff *held*, not entitled to recover as a matter of law, where record was without evidence either that the company carelessly or negligently placed such dangerous instrumentality attractive to children on its right of way at a place where children might be apt to find it and be injured thereby or that the company had any knowledge of its presence on the track or that it had been there so long that in the exercise of ordinary care it should have discovered its presence, foreseen the danger to children and caused its removal.

Appeal from Gogebic; Driscoll (George O.), J. Submitted April 14, 1938. (Docket No. 53, Calendar No. 39,628.) Decided June 6, 1938.

Case by Carl Sward, by Jacob Sward, his next friend, against Chicago & North Western Railway Company for personal injuries sustained as the result of explosion of a torpedo. Charles P. Megan, Trustee of Chicago & North Western Railway Company, substituted as party defendant. Judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Jones & Patek* (*Leonard J. McManman,* of counsel), for plaintiff.

*Ryall & Frost,* for defendant.

SHARPE, J. This is an action for damages for injuries to Carl Sward. It appears that prior to June 3, 1931, Jacob Sward, the father of plaintiff Carl Sward, owned and operated a farm near Van Buskirk, Wisconsin. The farm was divided by defendant railway company tracks. The farm house is situated in the westerly portion of the farm and the east portion is used for pasture. In 1926, defendant railway company erected a private crossing over its right of way and track for the use and benefit of the farm. For some time prior to June 3, 1931, Carl Sward was accustomed to taking the cows to and from the pasture and in doing so it became necessary to cross the railway right of way. About 5 p. m., on June 3, 1931, Carl Sward passed westerly over the crossing for the purpose of driving home the cows and in doing so he saw a railroad track torpedo lying two or three feet south of the crossing and about five inches east of the east rail. Plaintiff picked up the torpedo and as he stood there examining it, his father came along, saw the boy with the torpedo and told him to put it back where he found

it. The father then proceeded easterly to mend some fences. After plaintiff had driven the cows home to the farm yard, he returned to the crossing, picked up the torpedo and took it to a place nearby where there was a large stone. He placed the torpedo on the stone and struck it with a rock. The torpedo exploded injuring plaintiff's left hand, requiring amputation of the tip of the left thumb and the distal phalange of the left index and third fingers

The cause came on for trial December 4, 1931, and Carl Sward testified that as he was driving the cows home from the pasture he found the torpedo, picked it up, showed it to his father who thereupon hid the torpedo by placing it 10 or 15 feet from the crossing between two railroad ties so that the boy could not see it; and that after taking the cows home he came back and exploded the torpedo. Plaintiff also testified that he knew the torpedo was dangerous. After this testimony had been given, plaintiff elected to become nonsuited and the present action was instituted February 1, 1936, and the cause tried in May, 1936, before the court sitting as a jury. At the time of the accident plaintiff was nine years old and when the cause was tried in May, 1936, plaintiff was 14 years old.

Plaintiff's declaration alleged negligence on the part of defendant railway company in permitting the torpedo along their tracks; carelessness in the handling and care of torpedoes; and failure to protect plaintiff from such dangers. At the close of all proof offered by plaintiff, defendant made a motion for a judgment upon the ground that there was no evidence to show that the torpedo came to be on its right of way as the result of any negligence of the defendant railway company or its employees; and that the injury to plaintiff came as a result of

his own negligence in causing the torpedo to be exploded. This motion was denied and at the close of all testimony, the trial court sitting as a jury entered judgment in favor of plaintiff in the sum of $2,300.

Defendant appeals and contends that the claimed negligence of the defendant rests upon speculation and conjecture. The evidence upon which this negligence is based is that when plaintiff was nine and a half years of age, in the third grade in school, and while driving the cows home from the pasture, he found near the edge of the crossing and between two ties outside of one of the rails of the track, a railroad torpedo. Plaintiff had never before seen a torpedo and did not know it was dangerous. He showed it to his father who told him to put it back where he found it and drive the cows home. Plaintiff did as he was ordered by his father, but later returned, took the torpedo into an adjoining field and exploded it with resulting injuries.

Jacob Sward, the father of plaintiff, corroborated the testimony of plaintiff and in addition testified that the torpedo found by plaintiff was similar to that used by defendant railway company two or three years previous when he (Jacob Sward) was in the employ of the railway company.

John Koski, a witness produced by plaintiff, testified that several years prior to the happening of the accident, he was employed by the railway company; and had exploded torpedoes by burning them. John Rokola, a witness produced by the plaintiff, testified that he was in the employ of the railway company about 16 or 17 years prior to the trial in this cause and that while so employed he had exploded torpedoes by putting them on a rock and dropping another rock upon them. John Siirila, another witness produced by plaintiff, testified that

upon two occasions he had exploded torpedoes on the track by smashing them with a rock.

We are not unmindful of the fact that when the trial court denied defendant's motion for a judgment, it was his duty to view all of the evidence in the light most favorable to plaintiff, but the burden of establishing the right to recover was upon plaintiff, *Benedict* v. *Rinna,* 257 Mich. 349.

"Negligence cannot be presumed. It must be alleged, and affirmatively shown. A presumption of negligence cannot be raised without foundation, and the mere fact that an injury occurred is no evidence of fault on the part of the defendant." *Perry* v. *Railroad Co.,* 108 Mich. 130, 135.

See, also, *Collar* v. *Maycroft,* 274 Mich. 376.

In order to establish negligence the plaintiff must show one of two things: that the company carelessly and negligently placed a dangerous instrumentality attractive to children on its right of way at a place where children might be apt to find it and be injured thereby, or that the dangerous instrumentality if not placed there by the railway company was permitted to remain there such a length of time that the company in the exercise of ordinary care should have discovered its presence, foreseen the danger to children and caused its removal. *Hughes* v. *Railroad,* 71 N. H. 279 (51 Atl. 1070, 93 Am. St. Rep. 518). We have examined the record carefully and find no proof of the railway company or its employees having placed the torpedo upon the tracks where it was later found by plaintiff. In such cases the rule is well stated in *Obertoni* v. *Railroad,* 186 Mass. 481 (71 N. E. 980, 67 L. R. A. 422):

"The fact that it was a railroad signal torpedo warranted the inference that it was left on the crossing by some one who took it from the defendant

railroad, but did not warrant the further inference that it came there through some negligent act of the defendant or of its employees, in the course of the business of the defendant. It is equally probable that it was taken from the railroad by a stranger, or by an employee for some purpose of his own outside his duty as an employee. The burden is on the plaintiff to prove that it came there by act of the defendant or of its employees in the course of its business. We are of the opinion that from its presence on the planking the jury were not warranted in inferring that it was there through the act of an employee done in the course of the defendant's business.''

Nor do we find that the defendant company had any knowledge of the presence of the torpedo on the track. To say that defendant railway company or its employees placed the torpedo where it was later found or had any knowledge of its having been there is pure conjecture and not warranted by the facts in this case.

Defendant's motion for a judgment should have been granted. The judgment entered is reversed without a new trial. Defendant may recover costs.

Wiest, C. J., and Butzel, Bushnell, Potter, Chandler, North, and McAllister, JJ., concurred.