MANLEY v. POTTS.

1. AUTOMOBILES—PEDESTRIANS—TAXICABS—NEGLIGENCE—BURDEN OF PROOF.

In action by pedestrian who was crossing a city street with the green traffic light when struck by defendant's taxicab, under record which fails to show speed at which taxicab was being driven or any testimony showing in what manner it was being driven but merely showing that an accident occurred and that plaintiff was injured, plaintiff is *held*, not to have sustained his burden of proof that defendant was negligent.

2. NEGLIGENCE — ACCIDENT — RESULTING INJURY — OTHER CIRCUMSTANCES.

Although the fact that an accident happened may be considered together with other surrounding circumstances in determining if there was in fact negligence on the part of defendant, mere proof that there was an accident which resulted in injury is not sufficient to establish a defendant's liability.

3. SAME—EVIDENCE—GUESS.

The necessary proof of a defendant's negligence which a plaintiff may have failed to adduce in order to be entitled to recover in an action for personal injuries may not be supplied by a guess of the jury.

Appeal from Wayne; Jeffries (Edward J.), J., presiding. Submitted October 11, 1938. (Docket No. 90, Calendar No. 40,214.) Decided December 21, 1938.

Case by Michael A. Manley against William Potts and others for personal injuries sustained when he was struck by defendant's taxicab. From verdict and judgment for plaintiff against defendant Potts only, he appeals. Reversed without a new trial.

*Edward N. Barnard,* for appellant.

CHANDLER, J.   On Armistice Day, November 11, 1935, plaintiff, together with a friend, left Carpenters' Hall located on Cass avenue in the city of Detroit and walked east on Willis, crossed Woodward avenue and proceeded to John R. street where he observed a parade.   After the parade, they returned to the corner of Woodward and Willis where they separated, plaintiff walking north to the intersection of Woodward and Canfield.   From this point, he intended to board a northbound Woodward avenue street car.   For some unexplained reason, however, instead of boarding the car at that time he crossed the street to the southwest corner of the intersection. It was raining at the time and he entered a restaurant located on that corner in which, according to his testimony, he drank one bottle of beer.   Between 6 and 7 o'clock p. m., after waiting in the restaurant for some 30 minutes, he decided to cross Woodward to the street car loading platform or safety zone on the other side of the street.   After taking 5 or 6 steps from the curb he was struck by defendant's taxicab being driven by one George Peters, resulting in injuries for which he seeks damages in this action. Plaintiff received a verdict and defendant's motion for judgment *non obstante veredicto* was denied as well as his motion for a new trial.   This appeal followed.

Defendant produced evidence tending to show that plaintiff was intoxicated at the time of the accident in an effort to establish that his injuries were the result of his own contributory negligence.   It is unnecessary to discuss this phase of the case, however, as, in our opinion, plaintiff failed to produce sufficient proof from which the jury could properly find

defendant's servant to have been guilty of negligence at the time and place in question.

The driver of the cab was not produced by either party as a witness, and the only testimony concerning the accident was that given by plaintiff. From his testimony, all that can be learned in regard to the circumstances surrounding the accident is that he started to cross Woodward avenue with the green traffic light and after taking 5 or 6 steps was struck by defendant's cab and immediately rendered unconscious.

A witness who assisted him after the accident, testified that he was lying along the west side of the cab, about 20 feet south of the southwest corner of Woodward and Canfield, and that it appeared that the cab had been almost immediately stopped after the crash.

Although a taxicab stand is located on the south side of Canfield, adjacent to the intersection of said street with Woodward avenue, it was not shown that the cab turned right on to Woodward from this stand or from whence it came. There is nothing to be found concerning the speed of the cab or any testimony of any nature from which it could possibly be determined in what manner the cab was being driven at the time.

The only facts that could be legitimately found from the meager evidence presented would be that an accident occurred and that plaintiff was injured. The record is barren of any evidence even remotely tending to establish defendant's negligence, if any. Although the fact that an accident happened may be considered together with other surrounding circumstances in determining if there was in fact negligence (*McLeod* v. *Savoy Hotel Co.*, 267 Mich. 352), proof of an accident and resulting injury was not alone sufficient to establish defendant's responsibility. *Breb-*

*ner* v. *Sidney Hill Health System, Inc.,* 269 Mich. 541; *Warwick* v. *Blackney,* 272 Mich. 231; *Collar* v. *Maycroft,* 274 Mich. 376; *Michigan Aero Club* v. *Shelley,* 283 Mich. 401; *Sward* v. *Megan,* 284 Mich. 421. If defendant was negligent, the burden of presenting the necessary proof thereof rested upon plaintiff, and its absence was not to be supplied by a guess of the jury.

Judgment reversed, without a new trial, with costs to defendant.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Potter, North, and McAllister, JJ., concurred.