## POUNDSTONE *v.* NILES CREAMERY.

1. APPEAL AND ERROR—DISAGREEMENT OF JURY—MOTION FOR JUDG-
   MENT.

    In reviewing trial court's denial of defendant's motion for judg-
    ment on the record in trial before jury, made after jury had
    disagreed, the Supreme Court reviews a question of law and
    not a ruling subject to the discretion of the trial court.

2. SAME—MOTION FOR JUDGMENT—DISAGREEMENT OF JURY—EVI-
   DENCE.

    In reviewing denial of defendant's motion for judgment after
    disagreement of jury the Supreme Court considers the testi-
    mony in the light most favorable to plaintiff, the party against
    whom it is claimed the judgment should not have been entered.

3. NEGLIGENCE—ACCIDENT—RESULTING    INJURY—OTHER    CIRCUM-
   STANCES.

    Proof of an accident and resulting injury is not alone sufficient to
    establish a defendant's liability therefor, but the fact that the
    accident happened may be considered along with proof of the
    other circumstances to determine whether negligence existed.

4. SAME—CIRCUMSTANTIAL EVIDENCE.

    Negligence may be proved by circumstantial evidence.

5. SAME—EVIDENCE—INFERENCES.

    To hold a defendant liable for injuries inflicted as a result of
    negligence there must be substantial evidence which forms a
    reasonable basis for the inference of negligence, more than a
    mere possibility that unreasonable conduct of the defendant
    caused the injury.

6. SAME—INFERENCES—CONJECTURE.

    Although legitimate inferences as to negligence of parties may be
    drawn from established facts, the jury may not be permitted
    to guess.

7. AUTOMOBILES — NEGLIGENCE — PEDESTRIANS — INSUFFICIENT EVI-
   DENCE TO PERMIT INFERENCE OF NEGLIGENCE.

    In action by administrator of estate of deceased pedestrian whose
    contact with window in right door of creamery truck cab re-

sulted in injuries on the left side of his body from which death ensued three days later, facts presented by plaintiff *held*, insufficient from which jury could properly infer negligence on the part of the truck driver which was responsible for death of plaintiff's decedent, it being shown that the truck was proceeding early in the morning at speed of 12 or 15 miles per hour some 5 to 7 feet from right curb and although both the driver and his 16-year old companion were looking straight ahead, neither saw the pedestrian prior to the accident which happened as the truck passed opposite a ramp at the side of the road.

BUSHNELL, C. J., and POTTER and MCALLISTER, JJ., dissenting.

Appeal from Berrien; Evans (Fremont), J. Submitted January 3, 1940. (Docket No. 45, Calendar No. 40,665.) Decided June 3, 1940.

Case by W. H. Poundstone, administrator of the estate of James Benford, deceased, against the Niles Creamery for damages for personal injuries sustained when struck by a truck causing death of plaintiff's decedent. Disagreement of jury. Defendant reviews denial of its motion for judgment of no cause for action by appeal in the nature of mandamus. Reversed and judgment ordered for defendant.

*Charles W. Gore*, for plaintiff.

*White & White*, for defendant.

BUTZEL, J. We granted leave to appeal in the nature of mandamus to review the refusal of the trial court to grant defendant's motion for judgment of no cause of action. A motion for directed verdict was timely made at the close of plaintiff's proofs, and the case was submitted to the jury under the Empson act (3 Comp. Laws 1929, § 14531 *et seq.* [Stat. Ann. § 27.1461 *et seq.*]). The jury were unable to agree.

The motion for judgment upon disagreement of the jury is authorized by 3 Comp. Laws 1929, § 14535 (Stat. Ann. § 27.1471), which provides:

"SECTION 1. Hereafter in all civil actions at law, in courts of record, other than probate courts, wherein issues of fact are submitted to a jury, and the jury disagrees and is discharged by the court, it shall be proper for either party on motion and notice to the opposite party to request the entry of judgment upon the evidence and proofs taken, within sixty days after the discharge of such jury, and if the court shall decide as a matter of law that a verdict should have been directed in the case of either party, the court shall enter its order upon the record ordering judgment in accordance with the decision of the court, and the party against whom such judgment is entered shall have an exception to such action of the court as a matter of course."

Defendant claims an absolute right to a judgment in its favor as a matter of law; plaintiff claims that it was within the discretion of the trial judge to order the case to stand for trial before another jury and that mandamus should not issue unless there is a flagrant abuse of discretion, citing *Jaeger* v. *Mitchell*, 277 Mich. 464. We think the case before us is not within the rule which inhibits us from setting aside an order granting a new trial, so long as the bounds of discretion have not been transgressed, even though we might be inclined to deny a retrial were we sitting in the position of the trial judge. Section 14535, 3 Comp. Laws 1929 (Stat. Ann. § 27.1471), provides that "if the court shall decide as a matter of law that a verdict should have been directed in the case for either party, the court shall enter its order upon the record ordering judgment in accordance with the decision of the court." We are reviewing the decision of the trial court on the

question of law, a ruling not subject to his discretion.

The facts are not in dispute, the argument centering about the conclusions to be drawn therefrom. James Benford, plaintiff's intestate, was fatally injured by being hit by a truck owned by defendant. At the time of the injury he was about 59 years of age, and was suffering from myocarditis, an inflammatory condition of the heart muscles, which ailment caused him sudden, terrific pain. As he advanced in years, the condition grew worse. Defendant owned and operated a one and one-half ton truck which was carrying empty milk cans at the time of the accident. It had an open type stake body with a covered cab, the cab being 8 or 10 inches narrower than the open part of the truck body. There were ordinary glass windows in the doors of the cab. Early in the morning of July 10, 1935, defendant's employee drove the truck along Fifth street in the city of Niles, accompanied by a boy about 16 years of age. The atmosphere was clear and the pavement was dry. The truck was proceeding straight along the street at the rate of 12 or 15 miles per hour, and at no time was it closer than 5 to 7 feet from the right curb. It did not change its course or swerve towards the right curb. Both the driver and his companion testified that they were looking straight ahead and could see somewhat to the right side of the car, and that they saw no one standing at the curb or on the street. They could see ahead probably a block and a half. When the truck reached a point about opposite a ramp in the side of the road, two hands "came up against the window and smashed the glass," which fell into the lap of the boy sitting beside the driver. The impact did not break the entire window but "took a chunk clear out * * * just a round hole." The truck came to an immediate stop, but was then driven from

the center of the road about 75 feet ahead and out of the street. The driver immediately went back to look after decedent. He was lying on the street ''about three feet from the curb and his feet out toward the pavement.'' No part of the truck ran over him, nor was he struck by the right front of the truck. The front part of the truck up to the cab window seemed to have passed him before the impact. As a result, plaintiff's decedent suffered a fracture of the left clavicle and of two ribs on the left side, with the consequence that the left lung collapsed, pulling to the left his heart which was already in bad condition, and death followed in three days. There was no testimony whatever to tell us just what decedent did prior to the impact.

It is claimed that there was no evidence of negligence on the part of the defendant or its driver. The trial court refused to enter judgment for defendant on the ground that if the driver had looked ahead, he would have seen plaintiff, and that he was negligent not to avoid striking deceased, citing *Wilkins* v. *Bradford*, 247 Mich. 157.

In reviewing the case, we consider the testimony in the light most favorable to plaintiff, the party against whom it is claimed the judgment should not have been entered. *Pomeroy* v. *Dykema*, 256 Mich. 100; *Warwick* v. *Blackney*, 272 Mich. 231. Proof of an accident and resulting injury is not alone sufficient to establish defendant's responsibility, but the fact that an accident happened may be considered along with proof of the other circumstances to determine whether negligence existed. *Manley* v. *Potts*, 286 Mich. 671, and cases there cited. See, also, *Elsey* v. *J. L. Hudson Co.*, 189 Mich. 135 (L. R. A. 1916B, 1284). Negligence may be proved by circumstantial evidence. *Wilkins* v. *Bradford, supra.*

There must be substantial evidence which forms a reasonable basis for the inference of negligence. *Frye* v. *City of Detroit*, 256 Mich. 466. There must be more than a mere possibility that unreasonable conduct of the defendant caused the injury. We cannot permit the jury to guess, although legitimate inferences may be drawn from established facts. *Heppenstall Steel Co.* v. *Railway Co.*, 242 Mich. 464. In the present case, plaintiff failed to present facts from which a jury could properly infer that misconduct of the driver was responsible for the death of plaintiff's decedent.

The trial court relied largely on *Wilkins* v. *Bradford, supra*, where we held that the circumstances proved were sufficient to warrant a jury finding of negligence. On a cloudy night a youngster of eight years was sent to deliver a pail of milk to a neighbor. He was found lying on the highway dead. Defendant's car was examined about a mile up the road where it was involved in another accident. The proofs showed that there was milk on the radiator and windshield, hair on the car of the color and texture of that of the boy, and there was a dent in the radiator about the size of the boy's head, in which dent was found hair similar to that of the boy. Mr. Justice Fead, in connection with these facts, said:

"If he had kept a proper lookout, had his car under control and could have stopped within the range of his vision, he necessarily would have seen decedent and have stopped in time or driven around him. The alternative is the incredible hypothesis that defendant seasonably saw decedent and ran him down."

The distinction between the type of accident involved in the *Wilkins Case* and that in the case at bar was pointed out in *Warwick* v. *Blackney, supra*, where the contact was with the left rear fender of de-

fendant's car, rather than a head-on collision.  To quote from the opinion:

"As stated by the trial court, had 'the defendant's car struck plaintiff head-on, a different situation might have presented itself,' but the contact, according to the testimony, was with the front of the left rear fender and thereafter some part of the car tore plaintiff's right arm."

In the *Warwick Case* we affirmed the trial judge who ruled that negligence had not been proved.

In *Manley* v. *Potts, supra,* plaintiff was struck by a taxicab.  The cab was stopped immediately after the impact, and plaintiff was found lying toward the west of the car about 20 feet south of the place where the impact probably occurred.  There was no evidence of the speed or manner in which the cab was operated.  We denied recovery, holding that:

"The only facts that could be legitimately found from the meager evidence presented would be that an accident occurred and that plaintiff was injured. The record is barren of any evidence even remotely tending to establish defendant's negligence, if any. Although the fact that an accident happened may be considered together with other surrounding circumstances in determining if there was in fact negligence (*McLeod* v. *Savoy Hotel Co.,* 267 Mich. 352), proof of an accident and resulting injury was not alone sufficient to establish defendant's responsibility. * * * If defendant was negligent, the burden of presenting the necessary proof thereof rested upon plaintiff, and its absence was not to be supplied by a guess of the jury."

Because proof of the driver's negligence was wanting, we need not consider the question of plaintiff's contributory negligence.  *Warwick* v. *Blackney, supra.*

A writ of mandamus should issue directing the entry of a judgment for defendant. It is so ordered. Defendant will recover costs.

SHARPE, CHANDLER, NORTH, and WIEST, JJ., concurred with BUTZEL, J.

McALLISTER, J. (*dissenting*). In the absence of eyewitnesses to the accident, deceased must be presumed to have been free from contributory negligence. The only question before us is whether the case should have been submitted to the jury on the issue of the negligence of defendant's driver.

Defendant's driver was obliged to keep a lookout for pedestrians and to see what should have been seen. See *Zuidema* v. *Bekkering,* 256 Mich. 327. He is obliged to have his car under control at all times and to exercise reasonable care. He is chargeable with negligence if he fails to discover a pedestrian whom he should have discovered in time to avoid injury, if reasonable care in keeping a lookout had been exercised. 42 C. J. p. 911.

There is no explanation for the failure of defendant's driver to see decedent at the time of the accident. If defendant's driver had been maintaining a lookout, he would have seen him. If he did not see the decedent, he was not looking, for the deceased must have been within the range of his lookout. The jury, governed by the presumption that decedent was free from negligence, had the right to draw inferences from the circumstances as to the negligence of defendant's driver. In a similar case, *Wilkins* v. *Bradford,* 247 Mich. 157, 160, it was said:

"There was no direct evidence of negligence. But negligence may be proved by circumstantial evidence. *Burghardt* v. *Detroit United Railway,* 206 Mich. 545 (5 A. L. R. 1333). The jury may draw legitimate

inferences from established facts, and to do so is not to speculate or guess the facts. *Heppenstall Steel Co.* v. *Railway Co.,* 242 Mich. 464.

"As there were no eyewitnesses to the injury, the law raises the presumption that decedent was in the exercise of due care. Contributory negligence was not a question for the jury. The driver of an automobile has the duty, not only to keep a lookout ahead and to have his car under control, but also to drive at such speed that he can stop within the range of his vision. The latter is a rule of safety. *Ruth* v. *Vroom,* 245 Mich. 88 (62 A. L. R. 1528).

"Assuming, from the verdict, that defendant's car struck decedent, and from the presumption of law, that decedent was in the exercise of due care, it is a legitimate inference, if not an inevitable conclusion, that defendant was guilty of one or more of the acts of negligence charged against him. If he had kept a proper lookout, had his car under control and could have stopped within the range of his vision, he necessarily would have seen decedent and have stopped in time or driven around him. The alternative is the incredible hypothesis that defendant seasonably saw decedent and ran him down. The injury could not have occurred with both defendant and decedent exercising due care. Defendant's negligence was for the jury, and its finding that he was negligent was not against the great weight of evidence."

The trial court was not in error in submitting the case to the jury on the question of the negligence of defendant's driver.

The order of the trial court denying defendant's motion to enter judgment of no cause of action should be affirmed and the cause remanded for a new trial, with costs to plaintiff.

BUSHNELL, C. J., and POTTER, J., concurred with McALLISTER, J.