SPIERS *v.* MARTIN.

COLLINS *v.* SAME.

1. NEGLIGENCE—RES IPSA LOQUITUR.

The rule of *res ipsa loquitur* does not prevail in this State.

2. SAME—CIRCUMSTANTIAL EVIDENCE—DIRECT PROOF—WEIGHT OF EVIDENCE.

Negligence may be established by circumstantial evidence as well as by direct proof and they are equally competent, their relative convincing powers being for the jury to determine.

3. SAME—INFERENCES.

Negligence may be inferred from circumstances which place the case within the field of legitimate inferences from established facts.

4. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

That testimony and those legitimate inferences which may be drawn therefrom and which are most favorable to plaintiff must be accepted on appeal from denial of defendant's motion for a directed verdict.

5. AUTOMOBILES — NEGLIGENCE — EVIDENCE — TAXICABS — INTERSECTIONS.

Evidence that defendant southbound motorist had stopped before attempting to cross 26-foot pavement of through street on which defendant's westbound taxicab covered distance of from 132 to 500 feet while southbound motorist proceeded about half way across street to point of collision *held*, sufficient to present question of taxicab driver's negligence to jury in consolidated actions for injuries to 2 children, 4 and 9 years of age, who had been standing on sidewalk in southwest corner of intersection in that such defendant failed to maintain a reasonable and proper lookout ahead, travelled

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 295.
[2-5] 38 Am Jur, Negligence § 333.
[4] 3 Am Jur, Appeal and Error § 947.

at an unreasonable rate of speed in a residential zone and failed to have his taxicab under reasonable control.

Appeal from Wayne; Brennan (John V.), J. Submitted January 13, 1953. (Docket Nos. 70, 71, Calendar Nos. 45,682, 45,683.) Decided June 8, 1953.

Separate actions by Gwendolyn Spiers and Leonard Collins, by their next friends, against James Martin and Charles F. Atwell for injuries suffered because of accident. Cases consolidated. Verdicts and judgments for plaintiffs. Remittiturs filed. Defendant Atwell appeals. Affirmed.

*Ralph J. Osborne* and *Stewart A. Ricard,* for plaintiffs.

*Edward N. Barnard,* for defendant Atwell.

Dethmers, C. J. Plaintiffs, aged 4 and 9 years of age respectively, were standing on the sidewalk at the southwest corner of the intersection of Jos. Campau avenue, a 46-foot, paved, north and south street, and Charlevoix avenue, a 26-foot, paved, through street, running east and west, in the city of Detroit. The district was residential, the pavements dry and the afternoon bright and clear. Defendant Martin drove south on Jos. Campau and stopped in response to a stop sign before entering Charlevoix. Although he told police at the time that he had seen no vehicle approaching, he testified, on trial, that when he stopped he saw defendant Atwell's taxicab approaching the intersection from the east about 400 or 500 feet distant (at another time he fixed the distance at a half block, which the physical facts showed to be 132 feet); that he waited a couple of seconds and then started into the intersection. Martin's testimony was conflicting on this and other points, but

he testified that when he started into the intersection the taxicab was about 500 feet, or a half block (132 feet), distant and "he was far enough so I figured for me to go across." Martin further testified that his car stalled or jerked somewhat and that he choked it and proceeded into the intersection at a rate of speed of 5 or 10 miles per hour; that when his car had reached about the center of Charlevoix, which he was crossing, its left front fender and wheel were struck hard by the taxicab, causing his car to go up onto the sidewalk and to strike the plaintiff children and roll over on its top. Physical evidence indicated that the collision between the 2 vehicles occurred in the northwest quadrant of the intersection. Both vehicles came to rest entirely outside and to the south of the intersection. Martin's car lay on its top, headed south on the sidewalk along the west side of Jos. Campau, 35 feet from the point of impact. The taxicab stood south of the intersection, headed northeast, with its left rear wheel on the west curb of Jos. Campau, 21 feet from the point of impact. The front end of the Checker cab was badly damaged and crushed in and there was damage to its entire right side from end to end. The left front of Martin's car was damaged.

It is conceded that plaintiffs were not guilty of contributory negligence. They sustained serious injuries resulting from the accident. On trial defendant Atwell, owner of the taxicab, moved for a directed verdict and, after verdict for plaintiffs, for a judgment *non obstante veredicto,* which was denied. He appeals, asking for reversal of the judgment for plaintiffs without a new trial, and contends that a verdict should have been directed for him on the ground that there was no proof of any actionable negligence attributable to him.

The rule of *res ipsa loquitur* does not prevail in Michigan. *Fish* v. *Grand Trunk W. R. Co.,* 275

Mich 718. Negligence may be established by circumstantial evidence as well as by direct proof and they are equally competent, their relative convincing powers being for the jury to determine. *Cebulak* v. *Lewis,* 320 Mich 710 (5 ALR2d 186). Negligence may be inferred from circumstances which place the case within the field of legitimate inferences from established facts, and when, as here, appeal is from denial of defendant's motion for directed verdict, that testimony and those legitimate inferences which may be drawn therefrom, which are most favorable to plaintiff, must be accepted. *Anderson* v. *Kearly,* 312 Mich 566.

Defendant places reliance on *Manley* v. *Potts,* 286 Mich 671; and *Weil* v. *Longyear,* 263 Mich 22. Both are distinguishable. In *Manley* nothing more was shown than that plaintiff was struck by a cab, with no proof of where the cab came from or how. In the *Weil Case* testimony affirmatively disclosed that defendant Longyear had operated his truck and conducted himself in a manner which was free from negligence. Such was not the situation at bar. Here there was testimony which, if believed by the jury, warranted the conclusion that defendant Martin stopped for the intersection and then proceeded into it when defendant Atwell's taxicab was 400 or 500 feet, or 132 feet, distant, that the view was unobstructed, the day clear and the pavements dry, that the cab traversed that entire distance, through a residential district, while Martin's car proceeded into the intersection at a rate of speed of 5 or 10 miles per hour and crossed half of 26-foot wide Charlevoix avenue, that the front of the cab then struck the left side of Martin's car hard and with sufficient force, combined with the relatively slow speed of Martin's car, to carry both vehicles to the respective positions and to inflict the consequent damage above noted. There was evidence, which,

when viewed in the light most favorable to plaintiffs, sufficed to support and warrant a finding of facts by the jury from which it could reasonably and legitimately have inferred that the taxicab driver (1) failed to maintain a reasonable and proper lookout ahead, (2) travelled at an unreasonable rate of speed in a residential zone, (3) failed to have his taxicab under reasonable control and, hence, was guilty of negligence which was a proximate cause of plaintiffs' injuries.

Affirmed, with costs to plaintiffs.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.