### DAIGNEAU *v.* YOUNG.

1. Appeal and Error—Directed Verdict—Evidence.

Evidence is viewed in the light most favorable to plaintiff on appeal from directed verdict of no cause for action in suit for damages resulting from injuries caused by allegedly being struck by defendant's truck.

2. Negligence—Mere Happening of Accident and Resulting Injury.

No presumption of negligence is raised by the mere happening of an accident or proof of injury resulting therefrom.

3. Same—Happening of Accident—Surrounding Circumstances.

The fact that an accident happened may be considered together with other surrounding circumstances in determining if there was in fact negligence.

4. Same—Burden of Proof.

The burden rests on plaintiff to show defendant was negligent, where damages proximately caused thereby were sought.

5. Same—Circumstantial Evidence—Guess—Possibility.

Circumstantial evidence to support claim of negligence must be so substantial as to form a reasonable basis for the inference of negligence, more than a guess or mere possibility that unreasonable conduct by the defendant caused plaintiff's injury.

6. Same—Inferences.

Legitimate inferences of negligence may be drawn from established facts.

---

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error § 886.
[2, 3] 38 Am Jur, Negligence § 290.
[4] 38 Am Jur, Negligence § 285.
[5] 20 Am Jur, Evidence § 1189.
[6] 38 Am Jur, Negligence § 308 *et seq.*

7. AUTOMOBILES—TRUCKS—NEGLIGENCE—EVIDENCE.
    Evidence presented by plaintiff truck driver against defendant
    truck driver for injuries sustained by allegedly being struck
    by defendant's truck within 10 seconds after plaintiff had
    left his own truck while it was being loaded with sand in an
    open field by a power shovel *held,* to have failed to show any
    negligence on part of defendant proximately causing the ac-
    cident, notwithstanding there were persons other than plaintiff
    who might have been called to testify as to how the accident
    occurred.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 11, 1957. (Docket No. 47, Calendar No. 47,337.) Decided October 7, 1957.

Case by James J. Daigneau against Edgar Young for personal injuries sustained when struck by truck during loading operation at sand pit. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Joseph Marvaso,* for plaintiff.

*Kenneth S. Halsey (Carl F. Davidson,* of counsel), for defendant.

DETHMERS, C. J. Plaintiff appeals from a directed verdict of no cause for action in his suit for damages resulting from injuries caused by allegedly being struck by defendant's truck. We view the evidence in the light most favorable to plaintiff. *Pomeroy* v. *Dykema,* 256 Mich 100.

Plaintiff was engaged in driving a truck, hauling sand from a sand pit located in an open field. He stopped his truck, headed east, in front and east of a power shovel which picked up and loaded sand onto the trucks. Having placed his truck thus for loading, he got out of its left or north side, closed the door, walked northwesterly about 15 feet, turned to his left and faced south, looking past the rear of his

truck toward the power shovel. The shovel then dumped sand on his truck, some of it blowing into his face. He put up his arm to cover his eyes and involuntarily stepped back 1 step, 2 feet, with his left foot only. Then the rear wheels of defendant's truck struck plaintiff's left leg or side and he was knocked down. About 6 to 8, or maybe 10, seconds elapsed from the time he left his truck until the sand blew in his face. He did not look for approaching trucks nor did he see defendant's truck before it struck him, but he testified that he knew it had come from the east. He knew that there had been quite a bit of truck movement there that morning and that "that is something you would have to watch for, when you are outside of your truck." He further testified that "I knew that other trucks would drive that portion as I was not the only one there  *  *  * I had seen other trucks travel over that same spot and nothing happened. I did not look either way to see if anything was coming because there was no defined road to look." Defendant's truck was in an open field, a space about 45 feet wide north of the shovel, where trucks normally travelled for the purpose of passing the shovel on the north, turning around behind it and coming back east to line up in front of the shovel for loading. There were no other proofs shedding any light on how the accident occurred. Although there were, as the trial court noted, other persons who might have been called to testify concerning the happening of the accident, only the plaintiff testified on the point. The record fails to disclose the speed at which defendant's truck was traveling, whether it was proceeding forward or backward, whether it had been pursuing a straight course or had turned or swerved, whether or not defendant had seen plaintiff before the latter backed into the rear wheel of defendant's truck, whether or not defendant had given a warning signal, or any

facts, other than that an accident occurred, showing, or from which a reasonable inference might be drawn, that defendant had operated his truck in a negligent manner.

In *Kaminski* v. *Grand Trunk Western R. Co.*, 347 Mich 417, Mr. Justice BLACK, speaking for a unanimous Court, discussed, with full citation of authorities thereon, the difference between conjecture and reasonable inference from competent evidence in determining the question of negligence. In *Kaminski* there were physical facts aside from the happening of an accident from which reasonable inferences might be drawn as to how the accident occurred and what caused it, the inferences consistent with defendant's guilt of negligence being more probable and plausible than those consistent with innocence. Distinguishable is the instant case in which there is no evidence from which reasonable inferences may be drawn either way and in which verdict for plaintiff could not possibly rest on anything more substantial than conjecture. In point is *Warwick* v. *Blackney*, 272 Mich 231, 235, in which, under somewhat similar facts, this Court held defendant free from negligence as a matter of law, saying:

"No presumption of negligence is raised by the mere happening of an accident or proof of injury resulting therefrom. *Brebner* v. *Sidney Hill Health System, Inc.*, 269 Mich 541."

Apropos is the following from *Manley* v. *Potts*, 286 Mich 671, 673, 674:

"The only facts that could be legitimately found from the meager evidence presented would be that an accident occurred and that plaintiff was injured. The record is barren of any evidence even remotely tending to establish defendant's negligence, if any. Although the fact that an accident happened may be considered together with other surrounding circumstances in determining if there was in fact negli-

gence. (*McLeod* v. *Savoy Hotel Co.*, 267 Mich 352), proof of an accident and resulting injury was not alone sufficient to establish defendant's responsibility. *Brebner* v. *Sidney Hill Health System, Inc.*, 269 Mich 541; *Warwick* v. *Blackney*, 272 Mich 231; *Collar* v. *Maycroft*, 274 Mich 376; *Michigan Aero Club* v. *Shelley*, 283 Mich 401 (1938 US AvR 134, 1 CCH Av 750); *Sward* v. *Megan*, 284 Mich 421. If defendant was negligent, the burden of presenting the necessary proof thereof rested upon plaintiff, and its absence was not to be supplied by a guess of the jury."

In the case of *In re Estate of Miller*, 300 Mich 703, 710, 711, this Court quoted with approval from *Poundstone* v. *Niles Creamery*, 293 Mich 455, 459, 460, the following:

" 'The fact that an accident happened may be considered along with proof of the other circumstances to determine whether negligence existed. *Manley* v. *Potts*, 286 Mich 671, and cases there cited. See, also, *Elsey* v. *J. L. Hudson Co.*, 189 Mich 135 (LRA1916B, 1284). Negligence may be proved by circumstantial evidence. *Wilkins* v. *Bradford*, 247 Mich 157. There must be substantial evidence which forms a reasonable basis for the inference of negligence. *Frye* v. *City of Detroit*, 256 Mich 466. There must be more than a mere possibility that unreasonable conduct of the defendant caused the injury. We cannot permit the jury to guess, although legitimate inferences may be drawn from established facts. *Heppenstall Steel Co.* v. *Wabash Railway Co.*, 242 Mich 464.' "

Affirmed, with costs to defendant.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.