# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY SMITH,

Plaintiff-Appellant,

v

DR. ZEESHAN HUSAIN, VHS SINAI-GRACE
HOSPITAL, INC., doing business as SINAI-
GRACE HOSPITAL and SINAI-GRACE MULTI-
SPECIALTY SURGERY CENTER, and
ROCHESTER CENTER FOR FOOT AND
ANKLE SURGERY, PC,

Defendants-Appellees.

UNPUBLISHED
August 10, 2017

No. 331761
Wayne Circuit Court
LC No. 13-006936-NH

Before: SAAD, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

In this medical malpractice case, plaintiff, Kimberly Smith appeals as of right a judgment of no cause of action, which the trial court entered after a jury returned a verdict finding that defendants were not negligent. We affirm.

Plaintiff fractured her ankle in November 2010, when she fell down stairs after placing mail in a mailbox in the course of her employment as a mail carrier. Defendant Dr. Zeeshan Husain performed surgery on plaintiff's ankle at Sinai-Grace Hospital on January 6, 2011, to repair the fracture. Plaintiff continued to treat with Dr. Husain for approximately three months after the surgery. She continued to experience pain, swelling, and a tingling sensation. In May 2011, plaintiff saw Dr. Christopher Tisdel, a physician specializing in orthopedic surgery, for a second opinion regarding the healing of her ankle. Dr. Tisdel concluded that plaintiff had a malunion of the ankle fracture, possible early arthritis, and a superficial peroneal incisional neuroma. Dr. Tisdel suggested revision surgery to realign the ankle. Plaintiff never had the surgery because the Department of Labor did not approve it. Plaintiff returned to work, at a desk job, in November 2014, but continued to have pain and swelling in her ankle that prevented her from functioning as she did before the injury. In May 2013, plaintiff filed the instant complaint, alleging that Dr. Husain's negligence caused a malunion and nerve damage in her ankle. After a trial, the jury returned a verdict finding that defendants were not negligent.

-1-

Plaintiff first argues that the trial court erred by denying her request to provide the jury with the instruction set forth in M Civ JI 30.05, which allows a permissible inference of malpractice from circumstantial evidence. We disagree. We review for an abuse of discretion a trial court's decision that a jury instruction is or is not applicable to the facts of a case. *Swanson v Port Huron Hosp (On Remand)*, 290 Mich App 167, 183; 800 NW2d 101 (2010).

M Civ JI 30.05, the res ipsa loquitur instruction, states the following:

If you find that the defendant had control over the [body of the plaintiff / instrumentality which caused the plaintiff's injury], and that the plaintiff's injury is of a kind which does not ordinarily occur without someone's negligence, then you may infer that the defendant was negligent.

However, you should weigh all of the evidence in this case in determining whether the defendant was negligent and whether the negligence was a proximate cause of plaintiff's injury.

The jury instruction includes the following use note: "This instruction should be given only if there is expert testimony that the injury does not ordinarily occur without negligence, or if the court finds that such a determination could be made by the jury as a matter of common knowledge."

The trial court denied plaintiff's request for the instruction on the basis that there was no evidence that plaintiff's injury could not have occurred absent negligence. The trial court therefore concluded that the res ipsa loquitur doctrine was inapplicable to this case. "The major purpose of the doctrine of res ipsa loquitur is to create at least an inference of negligence when the plaintiff is unable to prove the actual occurrence of a negligent act." *Jones v Porretta*, 428 Mich 132, 150; 405 NW2d 863 (1987). The doctrine applies to a plaintiff's case only if (1) the event was of a kind that ordinarily does not occur in the absence of negligence, (2) the event must be caused by an agency or instrumentality within the exclusive control of the defendant, (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff, and (4) evidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff. *Id.* at 150-151.

Plaintiff alleged that Dr. Husain's surgery resulted in a malunion in her ankle, which caused her functional disability. Plaintiff's expert, Dr. Steven Spinner, testified that, in and of itself, the severity of a fracture may cause complications such as inadequate healing or a malunion and that the need for revision surgery due to such complications was not malpractice. In addition, defendant's expert, Dr. Lawrence DiDonenico, testified that plaintiff did not suffer a malunion and that plaintiff's complaints could be relieved by removing the hardware placed in her ankle during surgery. Dr. DiDonenico further testified that, with a severe fracture like plaintiff's, "[y]ou're going to have some arthritis." Neither the testimony of Dr. Spinner nor the testimony of Dr. DiDonenico supports the requested instruction.

Dr. Husain testified consistent with Dr. DiDonenico that there was no malunion of the ankle. He further testified that he recommended routine follow-up surgery to plaintiff to remove the hardware in her ankle and that plaintiff failed to follow through on this recommendation. He

then testified, as did Dr. DiDonenico, that plaintiff's failure to return for the recommended follow-up surgery was the actual reason for the pain symptoms she suffered from following the initial surgery.

Plaintiff argues that there was evidence to support the instruction because Dr. Husain testified that, with the type of injury plaintiff suffered, a malunion should not result if "everybody does what they're supposed to do . . . ." Dr. Husain acknowledged this point, however, in the context of his testimony that plaintiff did not experience a malunion and that he did not encounter any complications during her surgery. Given the context of Dr. Husain's testimony, we are not convinced that a res ipsa loquitur instruction was warranted in this case. At trial, plaintiff argued and presented expert testimony that she suffered a malunion because Dr. Husain failed to adequately reduce the fracture during the surgery, used a plate that was too short, and failed to properly place the screws. In addition to other medical records, the x-rays introduced at trial showed the degree of the reduction, the length of the plate, and the locations of the screws. Although the jury ultimately disagreed with plaintiff's position, plaintiff was not "unable to prove the actual occurrence of a negligent act." *Jones*, 428 Mich at 150. Moreover, because plaintiff does not argue that she lacked access to all of the medical records and witnesses, or that the medical records were inadequate, she has not shown that evidence of the true explanation of the event was more readily accessible to the defendant than to the plaintiff. *Id.* at 150-151. Therefore, we are not convinced that the trial court abused its discretion by denying plaintiff's request to instruct the jury consistent with M Civ JI 30.05. Likewise, because we conclude that the trial court did not abuse its discretion by refusing to give the instruction, we need not consider plaintiff's argument that the trial court erred by denying her request to give the instruction on the ground that she failed to plead res ipsa loquitur in her complaint.

Plaintiff next argues that the trial court erred by granting defendants' motion for a directed verdict with respect to plaintiff's claim that Dr. Husain's negligence caused her to suffer nerve damage. We disagree.

We review de novo a trial court's decision on a motion for a directed verdict. *Krohn v Home-Owners Ins Co*, 490 Mich 145, 155; 802 NW2d 281 (2011). We review all of the evidence presented up to the time of the motion to assess whether a question of fact existed that would preclude a directed verdict. *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 455; 750 NW2d 615 (2008). We review the evidence and all legitimate inferences arising from the evidence in a light most favorable to the nonmoving party. *Krohn*, 490 Mich at 155. "Only if the evidence, when viewed in this light, fails to establish a claim as a matter of law should a motion for a directed verdict be granted." *Id.*

Expert testimony is required to establish causation in a medical malpractice action. *Teal v Prasad*, 283 Mich App 384, 394; 772 NW2d 57 (2009). " 'There must be more than a mere possibility that unreasonable conduct of the defendant caused the injury.' " *Skinner v Square D Co*, 445 Mich 153, 166; 516 NW2d 475 (1994),[1] quoting *Daigneau v Young*, 349 Mich 632, 636;

---

[1] *Skinner* was overruled in part on other grounds by *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n 2 (1999).

85 NW2d 88 (1957). Plaintiff has failed to direct this Court's attention to any evidence showing that Dr. Husain's negligence caused her to suffer a nerve injury. Although Dr. Tisdel testified that plaintiff's nerve was probably irritated by scarring from the injury and surgery, and Dr. Spinner testified that plaintiff had a neuroma that could have been caused by any number of factors, neither witness testified that Dr. Husain's negligence was the cause of the nerve injury. Because plaintiff failed to present expert testimony that Dr. Husain's negligence caused her nerve injury, the trial court properly granted a directed verdict with respect to this claim.

This is a case in which plaintiff's experts and defendant's expert, as well as the treating physician, offered competing explanations for plaintiff's post-surgical symptoms. The jury apparently accepted defendant's explanation of events and rejected plaintiff's explanation. For all the foregoing reasons we affirm the trial court's order entering a judgment of no cause of action in favor of defendants.

Affirmed.

/s/ Henry William Saad
/s/ Deborah A. Servitto
/s/ Michael F. Gadola